Anthony J. CHIPOLLINI, Plaintiff,

v.

SPENCER GIFTS, INC., Defendant.

Civ. A. No. 84–1669.

United States District Court,
D. New Jersey.

July 23, 1985.

Joseph R. Lally, Ventor, N.J., for plaintiff.

Gary D. Fry, Jeanne Schubert Barnum, P.C., Camden, N.J., for defendant.

## OPINION

GERRY, District Judge.

This is a suit brought under the Age Discrimination in Employment Act. The plaintiff was terminated in October, 1982. At that time, he had been employed by the defendant for a period of ten years and was 58 years of age. Plaintiff during those ten years was a construction manager for the defendant. Upon his termination, plaintiff's duties were assumed by his assistant, Ralph Liberatore, who was 43 years of age. Shortly thereafter, Liberatore was officially promoted to the title of construction manager, and the assistant's job was eliminated.

The defendant, Spencer Gifts, contends that plaintiff's termination was the result of a need to reduce the size of its work force. In the previous year, the number of new stores the company opened declined dramatically in comparison to previous years. One of the principal responsibilities of plaintiff's department was the planning and supervision of new store openings. The defendant states that it decided that it could only retain one executive in the construction department, and thus, that it had to choose between plaintiff and Liberatore.

The defendant does not seriously dispute that plaintiff was a good worker. However, his informal evaluations had gradually declined from "Excellent" to "Good +." Moreover, his supervisors had found him to be less cooperative and easy to get along with than they would have liked. They also believed that his health problems made him less flexible from the standpoint of travel. Finally, they were disappointed in his performance on a project assigned to him toward the end of his tenure. Chipollini had been made the company's "energy warden," in charge of implementing cost-cutting measures in this important area. Apparently, according to defendant, Chipollini did not accept this new responsibility very willingly, failed to show much initiative in doing this job, and did not produce the hoped-for energy savings.

The defendant states that Liberatore was more flexible and easier to work with than plaintiff. Liberatore, however, had only been made Chipollini's assistant in the home office some 3 to 4 months prior to plaintiff's termination. Prior to that, he had been a construction person "out in the field" for about three years. Thus, despite his relative lack of experience in carrying out the functions of the executive branch of the construction department, the defendant believed that Liberatore was a better man for the job.

The plaintiff, for his part, does not dispute Liberatore's qualifications for the job. He simply alleges that age entered impermissibly into the decision as to who should be retained.

The defendant has moved for summary judgment and claims that age had nothing to do with its decision on who to retain and who to let go.

*Legal Analysis*

1. The defendant initially contends that the plaintiff has failed to establish a *prima facie* case under the ADEA. In a discriminatory treatment case such as this, the plaintiff, in the absence of direct proof of discriminatory intent, may satisfy his initial burden of going forward by meeting the four-part test of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). That case, of course, was a Title VII suit but has generally been held to apply to ADEA claims as well. *See Massarsky v. General Motors Corp.*, 706 F.2d 111 (3d Cir.1983). The *McDonnell Douglas* test is not designed to be applied mechanically; different facts may necessitate modifications in

the basic elements, but that case nevertheless provides a useful starting point. Under *McDonnell Douglas*, a *prima facie* case is established where:

(1) the plaintiff is a member of a racial minority;

(2) he was qualified for the job for which an employer was seeking applicants;

(3) despite his qualifications, he was rejected; and

(4) after his rejection, the position remained open, and the employer continued to seek applicants from persons of plaintiff's qualifications.

■ Here, plaintiff was within the ADEA's protected class of 40 to 70 year olds and therefore meets the first prong of *McDonnell Douglas*, as adapted to the ADEA. Second, we believe the evidence presented establishes that Chipollini was performing his job in a satisfactory manner, satisfying the second prong of the adapted test. *See Douglas v. Anderson*, 656 F.2d 528, 533 (9th Cir.1981). It is important to recognize that plaintiff need not show that he was the world's greatest employee to be deemed satisfactory. All that is required is evidence that he generally performed the job in a capable manner. Although there is evidence that his employer may have felt that Chipollini's performance was not as excellent as it had been in prior years, he nevertheless was still considered "Good +." The third prong of the test is met quite simply by the showing that plaintiff, although a satisfactory employee, was terminated.

■ The defendant argues that the test's fourth prong is not satisfied. It is defendant's position that to satisfy this prong the plaintiff must show that he was replaced by someone outside the protected age group; i.e., by someone under the age of 40. Here, of course, the plaintiff was replaced by Liberatore, who was 43 at the time he took over plaintiff's position.

There are courts that have accepted the defendant's argument. *See, e.g., Price v. Maryland Casualty Co.*, 561 F.2d 609 (5th Cir.1977). But we find these cases unpersuasive. Age, unlike sex or race, has many gradations. Although a 40 year old is also protected by the ADEA, it still seems reasonable to presume that if a 40 year old replaced a 69 year old, age impermissibly entered into the decision, all things being equal. *See, e.g., McCuen v. Home Insurance Co.*, 633 F.2d 1150 (5th Cir.1981).

We believe the better test is that enunciated by the *Douglas* court, *supra:* whether the plaintiff was replaced by a substantially younger employee with equal or inferior qualifications. 656 F.2d at 533. While the Third Circuit position on this issue has not always been absolutely clear, language in *Massarsky, supra,* tends to suggest agreement with the position taken by the Ninth Circuit in *Douglas*. The *Massarsky* court, in holding that the plaintiff had established a *prima facie* case, stated:

It is also undisputed that a person considerably younger in age and with less seniority was retained.

706 F.2d at 118. While it is true that the persons there retained were below 40, that fact does not appear to have been the basis of decision, given the above language. The Third Circuit has now made its position quite clear in *Maxfield v. Sinclair International*, 766 F.2d 788 (1985); that one need not have been replaced by an employee under 40 to make out a *prima facie* case.

Although the meaning of "substantially" or "considerably" younger will perhaps need more precise definition at some point, we have no trouble concluding that the 15 year differential in the instant case suffices in this regard.

Accordingly, we find that the plaintiff has satisfied his initial burden of going forward and is entitled to the initial presumption of age discrimination.

2. Once plaintiff presents a *prima facie* case, the employer then bears the burden of dispelling the adverse inferences by articulating "some legitimate, non-discriminatory reason" for its treatment of the employee. *Massarsky, supra, (quoting McDonnell Douglas).*

■ Here, there is no question that the defendant has successfully met its burden. The defendant has explained its need to reduce the size of its work force and eliminate one executive position in its construction department. In choosing Liberatore over Chipollini, the defendant has maintained that the former seemed more flexible and easy-going, while the latter had become less effective as a worker, in addition to being less cooperative. Obviously, the defendant's reasons for choosing the one employee over the other are subjective ones, but that is sufficient, particularly when the job in question is an executive position involving discretion and personal relations rather than more objective productivity factors. The reasons proffered seem facially reasonable.

3. The ultimate burden therefore shifts back to the plaintiff, who must prove that the reasons asserted by the defendant are merely a *pretext for unlawful discrimination. Massarsky, supra,* at 118. The defendant contends that the plaintiff's proofs fail to raise a genuine issue of fact on the question of pretext.

■ There are few issues less suitable for summary judgment than issues of intent and motivation, such as are presented by a consideration of pretext. Credibility naturally is a critical factor. Defense witnesses may testify that age did not enter into their decision and may simply not be believed. On the other hand, the mere fact that the plaintiff has established a *prima facie* case is not always sufficient for an ADEA plaintiff to survive a summary judgment motion. *See, e.g., Pace v. Southern Ry. System,* 701 F.2d 1383, 1391 (11th Cir. 1983); *Askin v. Firestone Tire Co.,* 600 F.Supp. 751, 755 (D.Ky.1985). Once the defendant has articulated a legitimate reason for the termination, the *prima facie* case carries a good deal less weight (i.e., the presumption of discrimination drops from the case), and the plaintiff must come forward with something more.

■ The employee may succeed in showing pretext "either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 256, 101 S.Ct. 1089, 1095, 67 L.Ed.2d 207 (1981); *Duffy v. Wheeling Pittsburgh Steel Corp.,* 738 F.2d 1393, 1396 (3d Cir.1984). Thus, "there may be some cases where the plaintiff's initial [*prima facie* ] evidence, combined with effective cross-examination of the defendant, will suffice to discredit defendant's explanation," and thus, in a proper case, plaintiff may simply rest on his initial proofs without offering additional evidence. *See Burdine, supra,* 450 U.S. at 255 n. 10, 101 S.Ct. at 1095 n. 10. *Douglas, supra,* at 535 n. 7. But on a motion for summary judgment, a plaintiff who would rely on the "indirect" method of proof must at least present the court with some basis for doubting the credence of the proffered explanation.

■ It is important to remember that the plaintiff must show that the explanation is a pretext *for discrimination.* It is not enough for the plaintiff to show that the employer made an unwise business decision, or an unnecessary personnel move. And it is not enough for the plaintiff to show that the employer acted arbitrarily or with ill will. These facts, even if demonstrated, do not necessarily show that *age* was a motivating factor. The plaintiff's mere conjecture that age was the deciding factor—based on plaintiff's belief that other factors were an insufficient basis—does not provide the basis for denial of a motion for summary judgment. *See Holly v. City of Naperville,* 603 F.Supp. 220, 232 (N.D. Ill.1985).

■ As we view plaintiff's submissions, he is attempting to prove discrimination "indirectly." None of his arguments, however, raise an inference of age discrimination. For example, plaintiff disputes the defendant's economic justification for plaintiff's termination, claiming that other alternatives than the complete elimination of his position could have been considered, and that, in fact, the workload of his depart-

ment did not slow down to the extent alleged. None of these challenges touch on the issue of age, however. For *whatever* reason, the defendant decided to reduce the size of plaintiff's department. That was a business decision which we simply have no occasion to evaluate. An employer (absent a contractual provision to the contrary) has no obligation to keep its operation or any division thereof running at full capacity so as to maximize employment. A decision to reduce work force, in and of itself, is age neutral, and there is no indication that plaintiff's department was heavily populated with older employees so as to give rise to suspicion. The real issue here, then, is not why Spencer Gifts decided to eliminate one executive in plaintiff's department, but why it chose to eliminate Chipollini, not Liberatore.

 On this issue, plaintiff fares no better. He disputes the importance of the energy project to which he was assigned and his ineffectiveness in handling that project. And further, he contends that Liberatore's limited experience as a manager prior to being elevated to plaintiff's position is indicative of improper motive. As we have said before, however, the decision with which we are concerned was necessarily subjective. Although plaintiff may have given the court reason to believe that he handled an unimportant project with great skill, he has not given us any reason to question his employer's *perceptions* of his performance. And although Liberatore had less experience, plaintiff has not given us reason to doubt defendant's perception that he showed greater future promise.

The court, indeed the defendant as well, has no reason to doubt that plaintiff was basically a hard-working and capable employee, but nothing the plaintiff has proffered raises an issue of age as a factor that was considered along with the other intangibles. No statements made to plaintiff, no memos among defendant's decision-making employees have been submitted; no statistics have been compiled; no pattern or practice of discrimination has been suggested. To allow a jury to infer age dis-

crimination would simply be to invite speculation.

 Finally, plaintiff suggests that he was terminated on the basis of age because his salary was higher than Liberatore's. Nothing in the evidence substantiates this. It is not disputed that older workers with longer experience are generally higher paid. But that does not necessarily mean that salary is a proxy for age; that because one with a higher salary is terminated, the reason was to discriminate on the basis of age. Plaintiff's proofs do not raise any inference but that a slight savings in salary was merely an incidental benefit of an otherwise legitimate employment decision.

For all of the above reasons, the defendant's motion will be granted.