**Neil A. GABRIELLE, Plaintiff,**

v.

**BARRETT, HAENTJENS & CO. and Walter D. Haentjens, individually and as president of Barrett, Haentjens & Co., Defendants.**

**Civ. No. 86–0475.**

United States District Court,
M.D. Pennsylvania,

Nov. 5, 1986.

Debra K. Wallet, Wallet and Christianson, Camp Hill, Pa., for plaintiff.

Dona S. Kahn, Harris and Kahn, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Presently before the court is defendants' Motion for Summary Judgment. For the reasons set forth below, defendants' Motion for Summary Judgment will be denied.

### FACTUAL BACKGROUND

In the present motion, defendants move for summary judgment claiming that plaintiff has failed to establish a *prima facie* case pursuant to the Age Discrimination in Employment Act (ADEA) and because plaintiff has failed to mitigate his damages as required. From the parties' statements of undisputed material facts, the following facts emerge.

Plaintiff, born on August 8, 1925, filed a complaint of age discrimination on April 2, 1986. On April 2, 1984, plaintiff was informed of the elimination of his position at defendants' foundry. Plaintiff denies having been promised half salary until December 31, 1984, although defendants claim that this promise was made. At the time of plaintiff's termination, he suggested that he replace a foreman reporting to him, John Sullivan, or a pattern foreman, Alfred Reinmiller. At the time plaintiff's employment ceased, plaintiff was fifty-eight (58) years of age, Sullivan was also fifty-eight (58) and Reinmiller was sixty-two (62). Plaintiff's last day worked at the foundry was April 2, 1984.

Plaintiff received $3,510.00 for unused vacation days, $3,900.00 for vacation which would have been earned for 1984–1985 and $15,112.50 for severance pay, half salary through December 31, 1984.[1] Plaintiff was offered a position by letter dated September 7, 1984, at the same salary as Reinmiller was receiving ($675.00 a week), provided that plaintiff agreed to take a management course offered locally at Penn State College. Plaintiff was asked to call defendants to discuss the terms and conditions of this offer. Plaintiff did not call in response to this letter but instead declined the position by letter dated September 18, 1984. Plaintiff claims that the position offered him was at a salary of approximately $300.00 per week less than his prior salary and at a completely different plant.

Construing the facts and all reasonable inference derived therefrom in plaintiff's favor as the court is required to do on a Motion for Summary Judgment, the court finds that summary judgment is not warranted at this time.

### DISCUSSION

#### I.

The ADEA, in essence, proscribes discrimination against individuals between the ages of forty (40) and seventy (70) with respect to compensation, terms, conditions or privileges of employment, because of such individual's age. *See Dreyer v. Arco Chemical Co.*, 801 F.2d 651, 653 (3d Cir. 1986). "To recover, 'a plaintiff must prove by a preponderance of the evidence that age was a determinative factor in the employer's decision.'" *Id.* (citation omitted). The standard for evaluating these claims has been enunciated by our Court of Appeals.

The order and allocation of proof in an ADEA case alleging disparate treatment on the basis of circumstantial evidence is governed by the three-part division set forth in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 [93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), for Title VII cases. (citation omitted). Under this scheme, the plaintiff must first prove a *prima facie* case. Then the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the plaintiff's discharge. If the employer meets this burden, the plaintiff

---

1. Apparently, defendants paid plaintiff half salary even though plaintiff did not acknowledge the promise to do so.

must show that the articulated reason is a pretext for discrimination. (footnote omitted). At all times, the plaintiff bears the ultimate burden of proving that age was a 'determinative factor' in the decision. (citations omitted).

*Id.* at 653. As stated, defendants allege that plaintiff fails to make out a *prima facie* case.

In order to make out a *prima facie* case pursuant to the ADEA:

[A] plaintiff must prove that he (1) was discharged; (2) was qualified for the position; (3) was within the protected class at the time of discharge; (4) was replaced by someone outside the protected class, or ... by someone younger, or ... show otherwise that his discharge was because of his age.

*Id.* at 654 (citations omitted). Defendants first contend that because plaintiff is comparing himself to Reinmiller and Sullivan, both of whom are as old or older than plaintiff, an inference of age discrimination is not permitted. In his Complaint, however, plaintiff claims that he was replaced by a Michael Leib, who at the time, was under forty (40) years of age. *See* Document 1 of the Record at ¶ 11 and Document 13 of the Record at 4. In addition, plaintiff sets forth in his Statement of Undisputed Material Facts that Michael Lieb was listed in the same position that plaintiff occupied, Foundry Superintendent, and was given the same telephone extension as that utilized by plaintiff. Document 13 of the Record at ¶ 18, ¶ 19 and ¶ 20; Deposition of Neil Gabrielle, Document 12 of the Record at 89–90. As plaintiff states, whether in fact Lieb replaced plaintiff is a dispute that cannot be resolved on this Motion for Summary Judgment. *See Maxfield v. Sinclair Int'l*, 766 F.2d 788 (3d Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986).

Secondly, defendants claim that the mere fact that plaintiff's job was eliminated as part of a reduction in the work force and that the duties of his job were combined into the duties of another job held by a younger employee does not establish a *prima facie* case of age discrimination. *See* Document 11 of the Record at 7. "In a reduction in force situation, it is often impracticable to require a plaintiff whose job has been eliminated to show replacement." *See Dreyer v. Arco Chemical Co., supra,* at 654. In this case, however, plaintiff has come forward with sufficient evidence for purposes of this Motion for Summary Judgment tending to show that age was a factor in his termination. *See Holley v. Sanyo Mfg., Inc.,* 771 F.2d 1161, 1165–66 (8th Cir. 1985). It is at least arguable that plaintiff was replaced by a younger individual outside of the protected class and that the underlying reason for the layoff was suspect. Moreover, plaintiff has come forward with evidence tending to show that four (4) other employees within the protected age group were dismissed.[2]

The sole affidavit submitted by defendants merely reveals that John Sullivan and Alfred Reinmiller were older than plaintiff. Defendants do not address the issues of Michael Lieb succeeding plaintiff, notwithstanding the fact that this allegation was contained in plaintiff's complaint and referred to in plaintiff's deposition and Statement of Material Facts Not in Dispute, or of the letters previously sent to other discharged employees tending to show that age was a determinative factor. Although at the conference set in this matter defendants asserted that plaintiff's position was eliminated due to a general decline in the work force, this position has not been established through affidavit in support of the motion. As discussed, it is contended that plaintiff was replaced by an individual younger than plaintiff.

Thus, plaintiff has satisfied his initial burden of going forward. While defendants may articulate legitimate nondiscriminatory reasons for plaintiff's treatment, this position is not set forth sufficiently in defendants' supporting documentation. In any event, even if defendants were to come forward with these contentions, plaintiff may have been able to show that the reasons were a pretext for unlawful discrimi-

---

**2.** In fact, plaintiff refers to a letter sent to these four (4) individuals indicating that age may have been a factor in their termination. *See* Document 13 of the Record at 3, ¶ 11.

nation. *See Chipollini v. Spencer Gifts, Inc.,* 613 F.Supp. 1156 (D.N.J.1985). As the *Chipollini* court noted, there are few issues less suitable for summary judgment than issues of intent and motivation such as those presented by a consideration of pretext raised by plaintiff. The court need not reach this issue in this case because defendants have not come forward with sufficient documentation supporting their position at this stage.

## II.

Both parties agree that a plaintiff in an employment discrimination case has a duty to mitigate his damages. *See* Document 11 of the Record at 8 and Document 13 of the Record at 7. While it may be that defendants can prove that plaintiff failed to mitigate his damages, the court finds that this does not warrant dismissal of the Complaint based on the present motion. Moreover, as plaintiff maintains, it would be premature for the court to calculate the amount of back pay to which plaintiff would be entitled.[3]

In *Maxfield v. Sinclair Int'l, supra,* our Court of Appeals held that front pay is available to a successful ADEA plaintiff should reinstatement not be feasible. In so doing, the court stated, "[o]f course the amount of damages available as front pay is a jury question." *Id.* at 796. In *Maxfield,* the court noted that the plaintiff's duty to mitigate damages would serve as an effective control on unjustified damage awards. *Id.* In fact, counsel for the defendants in that case argued that plaintiff had not taken reasonable steps to mitigate and, therefore, neither front pay or back pay should be awarded. As the court noted, however, *the jury* rejected defendants' argument that plaintiff failed to mitigate.

In the present case, plaintiff requests, *inter alia,* reinstatement, back pay and any other legal or equitable relief as may be appropriate under the ADEA. Accordingly, if the court were to determine that reinstatement was not feasible, front pay may be awarded. In accordance with *Maxfield,* such questions are for the jury to answer. Defendants may argue, as the defendant in *Maxfield* did, that plaintiff is not entitled to damages because of his failure to mitigate. *See also Coleman v. City of Omaha,* 714 F.2d 804, 808 (8th Cir.1983) (burden is on defendant to prove failure to mitigate damages; while evidence was not overwhelming it was sufficient to warrant presenting a question of mitigation of damages *to the jury*). For example, in this case, defendants attempt to demonstrate that other foundry positions are available generally in the country. In *Coleman,* however, the court noted that plaintiff should not be required to move from his home in order to reduce damages caused by the defendants' unlawful acts. *Id.* at 808. Defendants' contentions do not warrant dismissal of the case at this stage.

An appropriate Order will enter.

---

3. The pertinent statutory provision provides that any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as wil! effectuate the purposes of this chapter. *See* 29 U.S.C. § 626(c). As specifically provided, the court may compel employment, reinstatement or promotion. *Id.* at (b). In addition, as our Court of Appeals has acknowledged, "[t]he inclusion of equitable relief strengthens the conclusion that Congress intended victims of age discrimination to be made whole by restoring them to the position they would have been in had the discrimination never occurred." *Maxfield v. Sinclair Int'l, supra,* at 796. Thus, even if backpay is not warranted, other remedies may be available to plaintiff.