Anthony J. CHIPOLLINI

v.

**SPENCER GIFTS, INC., a**
**Delaware Corporation.**

**Appeal of Anthony J.**
**CHIPOLLINI, Appellant.**

No. 85–5573.

United States Court of Appeals,
Third Circuit.

Argued March 19, 1986.

Argued in Banc Nov. 13, 1986.

Decided March 19, 1987.

Gale B. Black (argued), Johnny J. Butler, General Counsel (Acting), Gwendolyn Young Reams, Associate General Counsel (Acting), Vincent Blackwood, Asst. General Counsel, E.E.O.C., Washington, D.C., for E.E.O.C.

Max L. Lieberman (argued), Gary D. Fry, Pelino & Lentz, P.C., Philadelphia, Pa., for appellee.

Argued March 19, 1986.

Before HUNTER, MANSMANN, Circuit Judges, and McCUNE, District Judge.[1]

Argued in Banc Nov. 13, 1986.

Before GIBBONS, Chief Judge, SEITZ, ADAMS,[2] WEIS, HIGGINBOTHAM, SLOVITER, BECKER, STAPLETON, MANSMANN, ALDISERT,[3] and HUNTER,[4] Circuit Judges.

## OPINION OF THE COURT

MANSMANN, Circuit Judge.

Plaintiff Anthony J. Chipollini brought this action against Spencer Gifts, Inc. ("Spencer") alleging that his termination from employment at age 58 violated the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (1982) (as amended) and demanding a jury trial. The district court concluded that the indirect evidentiary materials of record could raise no issue of fact as to whether Chipollini's age was a determinative factor in Spencer's decision to terminate him. The court then credited Spencer's evidence of a non-discriminatory motive and granted Spencer's motion for summary judgment. 613 F.Supp. 1156 (1985).

We granted rehearing *in banc* to consider whether, within the confines of a summary judgment motion, there existed a genuine issue of material fact regarding

Joseph R. Lally (argued), Ventnor, N.J., for appellant.

1. Honorable Barron P. McCune, of the United States District Court for the Western District of Pennsylvania, sitting by designation.

2. Honorable Arlin M. Adams, United States Circuit Judge, was present at oral argument but did not participate in the decision.

3. Honorable Ruggero J. Aldisert was an active judge at the time of oral argument and has since taken senior status.

4. Honorable James Hunter, III, senior judge, participated since he was a member of the original panel.

the reason for Chipollini's discharge and whether circumstantial or indirect evidence of discrimination could serve to challenge the employer's reason for discharge as a mere pretext for discriminatory intent. Specifically, we examine the burden of production under Fed.R.Civ.P. 56(e) which a defendant employer must meet to support a motion for summary judgment based upon the employer's demonstrated ability to produce evidence at trial of a non-discriminatory reason for its challenged action and the plaintiff's burden to withstand the motion under these circumstances.

The defendant's burden of production as the moving party on summary judgment generally is to show that the plaintiff cannot meet his burden of proof at trial. We agree with the plaintiff and *amicus curiae* the Equal Employment Opportunity Commission that a defendant employer is not entitled to summary judgment merely by showing the plaintiff's inability to prove by *direct* evidence that the defendant's proffered reason is a pretext for age discrimination. Because the plaintiff may meet in alternate ways his burden to show that age was a determinative factor in his discharge, the plaintiff is entitled to show that the employer's explanation was pretextual by proffering evidence which is circumstantial or indirect as well as that which shows directly discriminatory animus ("smoking gun" evidence).

Accordingly, the district court erred in effectively combining what should have been separate inquiries by requiring that, in challenging the defendant's proffered reason, Chipollini must point to direct evidence that his age was a determinative factor in the defendant's decision to terminate him.

In light of the evidentiary materials of record which raise issues of fact as to Spencer's asserted reason for Chipollini's discharge, we hold that the defendant has failed to show that the plaintiff can raise no genuine issue of material fact. Therefore, we will reverse the district court's entry of summary judgment for Spencer.

## I.

The following facts are stipulated. From November, 1971 until October 1982, Chipollini was employed by Spencer Gifts as Construction Manager. He coordinated and supervised the construction of Spencer's new stores and remodeling and maintenance of Spencer's existing stores. Chipollini performed his new store construction duties in a satisfactory manner and received pay increases and .bonuses every year of his employment except the last year. In June, 1982 Ralph Liberatore, who had been with Spencer as a field construction supervisor since 1979, was promoted, at Chipollini's recommendation, to replace Chipollini's assistant construction manager.

In early October, 1982, Spencer's parent company imposed a moratorium on new store construction by Spencer. Shortly thereafter Chipollini, who had attained 58 years of age and ten years of service, was terminated. He was informed at the time that the termination was due to a cutback in expenses and the moratorium on new store construction. Chipollini's duties, and later his title as construction manager, were assumed by Liberatore who was 43 years of age.

In his complaint, Chipollini alleged that Spencer violated the ADEA because his age was a determining factor in the decision to terminate him and to replace him with a younger employee. Spencer answered that Chipollini was terminated because of a reduction in force of executives necessitated by a virtual cessation of store construction and remodeling and because of his indifferent, uncooperative and ineffective attitude regarding certain special projects. Thus, the issue for resolution was framed by those opposing factual contentions. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 801, 93 S.Ct. 1817, 1823, 36 L.Ed.2d 668 (1973).

After discovery was completed, Spencer moved for summary judgment. The district court granted Spencer's motion after concluding from evidentiary materials of record that Chipollini would be unable to prove at trial that his age was a reason for his termination.

## II.

Spencer, in its motion for summary judgment, asserted that the evidentiary materials of record established that Chipollini would not be able to prove at trial either that he was performing satisfactorily or that the asserted reason for his dismissal was pretextual. Spencer identified portions of depositions tending to show that Chipollini was inflexible and uncooperative, that he had failed to perform satisfactorily as Spencer's "energy warden" and that his general performance ratings had gradually declined. The district court noted record evidence that Chipollini's ratings had declined only from "excellent" to "good". The court concluded that this evidence established that the plaintiff was performing satisfactorily, and the defendant does not seriously contest this.

The district court then turned to the other evidence which the defendant proffered regarding its reason for discharging Chipollini. Spencer had further supported its motion with the affidavit of L. Eugene Brog, President of Spencer Gifts, attesting to the need for a reduction in force of construction management personnel. Spencer asserted that the need for staff reduction when coupled with Chipollini's declining performance and assertedly inflexible and uncooperative attitude was a legitimate, non-discriminatory reason for the plaintiff's termination and that the plaintiff's submissions were inadequate to support a finding of pretext.

The district court found evidentiary materials of record sufficient to carry the plaintiff's burden to establish a *McDonnell Douglas* prima facie case of age discrimination and also found that the defendant's evidentiary material, if credited, would satisfy its burden of articulating a non-discriminatory reason for the plaintiff's discharge. The district court concluded, therefore, that the plaintiff must show that he can raise an issue as to whether the defendant's asserted reason is a pretext for discrimination. Finding no evidentiary materials of record which "necessarily" show that the true reason is age discrimination,

the court granted summary judgment for Spencer.

On appeal, Chipollini asserts that Spencer has failed to meet its burden of showing that the evidence raises no material fact issues. He asserts that evidence of record would allow a jury to infer that Spencer's asserted reason for retaining Liberatore in preference to Chipollini is not its true reason. He further asserts that, in reviewing his submissions, the district court erred both in requiring that he have some direct evidence of age discrimination and in deciding disputed issues of material fact by resolving competing evidentiary inferences in favor of Spencer. We agree.

## III.

On review of a grant of summary judgment the appellate court is required to apply the same test the district court should have utilized initially. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). A trial court may enter summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). "As to materiality, the substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, — U.S. —, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ The burden to demonstrate the absence of material fact issues remains with the moving party regardless of which party would have the burden of persuasion at trial. If, however, the nonmovant will bear the burden of persuasion at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial. *See Celotex Corp. v. Catrett*, — U.S. —, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

Under the ADEA, the ultimate burden remains with the plaintiff to prove that age was a determinative factor in the defendant employer's decision. *See e.g. Duffy v. Wheeling Pittsburgh Steel Corp.,* 738 F.2d 1393, 1395 (3d Cir.), *cert. denied,* 469 U.S. 1087, 105 S.Ct. 592, 83 L.Ed.2d 702 (1984). The plaintiff need not prove that age was the employer's sole or exclusive consideration, but must prove that age made a difference in the decision. *Id.* A plaintiff may establish his case with direct evidence that the employer acted with discriminatory motivation. When direct evidence is available, problems of proof are no different than in other civil cases. *See Gavalik v. Continental Can Co.,* 812 F.2d 834, 853–854 (3d Cir.1987).

In most cases, however, specific intent to discriminate will not be demonstrated by "smoking gun" evidence. *Id.* at 851–852. Because "in most employment discrimination cases direct evidence of the employer's motivation is unavailable or difficult to acquire, the [Supreme] Court [has] articulated a method of proof that relies on presumptions and shifting burdens of production." *Dillon v. Coles,* 746 F.2d 998, 1003 (3d Cir.1984). That now familiar three-prong allocation of the burdens of production was set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) (*"McDonnell Douglas"*), and outlined again in *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (*"Burdine"*).

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Burdine* at 252–53, 101 S.Ct. at 1093–94 (citations omitted).

In the absence of direct evidence a plaintiff may establish a prima facie case of discrimination by proving by a preponderance of the evidence that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was dismissed despite being qualified; and (4) he ultimately was replaced by a person sufficiently younger to permit an inference of age discrimination. *See Maxfield v. Sinclair International,* 766 F.2d 788, 793 (3d Cir. 1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 796, 88 L.Ed.2d 773 (1986).

The *McDonnell Douglas* formula permits a plaintiff to rely, in the absence of direct evidence of discrimination, on a set of assumptions about the behavior of employers. The Supreme Court explained in the context of a race discrimination case:

> A prima facie case under *McDonnell Douglas* raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors. See *Teamsters v. United States,* [431 U.S. 324,] 358 [97 S.Ct. 1843, 1866, 52 L.Ed.2d 396] n. 44 [(1977)]. And we are willing to presume this largely because we know from our experience that more often than not people do not act in a totally arbitrary manner, without any underlying reasons, especially in a business setting. Thus, when all legitimate reasons for rejecting an applicant have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts only with *some* reason, based his decision on an impermissible consideration such as race.

*Furnco Construction Corp. v. Waters,* 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978) (*"Furnco"*) (emphasis in original). Similarly there arises a presumption of illegal discrimination when a qualified person in a protected age group is discharged and replaced by someone suffi-

ciently younger to raise an inference of age discrimination.

■ Nevertheless once the defendant has "produce[d] admissible evidence which would allow the trier of fact rationally to conclude that the employment decision had *not* been motivated by discriminatory animus," the presumption drops from the case and plaintiff's ultimate burden of persuasion includes the requirement to show that the defendant's proffered reason is a pretext for discrimination, *i.e.,* that the proffered reason is merely a fabricated justification for discriminatory conduct. *Burdine,* 450 U.S. at 257, 101 S.Ct. at 1095 (emphasis added). The plaintiff may meet this burden "either directly by persuading the court that a discriminatory reason more likely motivated the employer *or indirectly by showing that the employer's proffered explanation is unworthy of credence."* *Id.* at 256, 101 S.Ct. at 1095 (emphasis added).

"The shifting burdens of proof set forth in *McDonnell Douglas* are designed to assure that the 'plaintiff [has] his day in court despite the unavailability of direct evidence.' *Loeb v. Textron, Inc.,* 600 F.2d 1003, 1014 (CA1 1979)." *Trans World Airlines v. Thurston,* 469 U.S. 111, 121, 105 S.Ct. 613, 621, 83 L.Ed.2d 523 (1985). Thus, in addition to establishing his prima facie case by indirect proof, a plaintiff can prevail by means of indirect proof that the employer's reasons are pretextual without presenting evidence specifically relating to age.

## IV.

■ The basis of Spencer's motion for summary judgment is Chipollini's undisputed inability to offer *direct* evidence that his age was a factor in Spencer's decision to terminate him. By introducing evidence of a non-discriminatory reason, Spencer has demonstrated its ability to dispel the presumption and to raise a question concerning whether a genuine issue of fact as to its intent to discriminate exists. *See Burdine,* 450 U.S. at 254, 101 S.Ct. at 1094. Spencer concedes that Chipollini met his burden of establishing a prima facie case

under *McDonnell Douglas.* Because Spencer proffered evidence of a legitimate non-discriminatory reason, the issue before us is whether the record as a whole contains sufficient evidence from which the factfinder could infer that the defendant was guilty of intentional discrimination. Because Chipollini offered no direct evidence of a discriminatory motive, questions regarding intent and its manifestations are, at this point, subsumed under the inquiry into employer pretext.

Spencer maintains that the district court correctly concluded that Chipollini will be unable to show pretext without direct evidence. In reviewing Chipollini's submissions the district court wrote:

[N]othing the plaintiff has proffered raises an issue of age as a factor that was considered along with the other intangibles. No statements made to plaintiff, no memos among defendant's decision-making employees have been submitted; no statistics have been compiled; no pattern or practice of discrimination has been suggested. To allow a jury to infer age discrimination would simply be to invite speculation.

The Supreme Court of the United States has indicated that it is error to require direct evidence of discriminatory intent. *United States Postal Service Board of Governors v. Aikens,* 460 U.S. 711, 717, 103 S.Ct. 1478, 1483, 75 L.Ed.2d 403 (1983) *("Aikens ")* ("The District Court erroneously thought that respondent was required to submit direct evidence of discriminatory intent"). We recently reiterated the principle that so-called "smoking gun" evidence such as "statements by the employer to the employee that s/he was being fired because of age" are not a prerequisite to a successful ADEA action. *Maxfield v. Sinclair International,* 766 F.2d at 791. The plaintiff may satisfy his burden of demonstrating that his age was a determinative factor in his discharge "by producing either direct evidence of discriminatory intent or evidence from which an inference of discrimination can be drawn." *EEOC v. Hall's Motor Transit Company,* 789 F.2d 1011, 1015 (3d Cir.1986).

We reemphasize that we do not require direct proof of age discrimination because it is often unavailable or difficult to find. *Dillon v. Coles*, 746 F.2d at 1003. As the Supreme Court explained, "[t]here will seldom be 'eyewitness' testimony as to the employer's mental processes." *Aikens*, 460 U.S. at 716, 103 S.Ct. at 1482. This is true in part because age discrimination, like other forms of discrimination, is often subtle. *Accord LaMontagne v. American Convenience Products*, 750 F.2d 1405, 1410 (7th Cir.1984). In addition, "[e]ven an employer who knowingly discriminates on the basis of age may leave no written records revealing the forbidden motive and may communicate it orally to no one." *Id.*

The plaintiff's burden to prove discrimination may be met at trial in alternate ways. Therefore, to meet its burden on summary judgment, the defendant employer must show that the plaintiff will be unable to introduce either direct evidence of a purpose to discriminate, or indirect evidence of that purpose by showing that the proffered reason is subject to factual dispute.

The issue of the defendant's intent at the time of the plaintiff's discharge is clearly a factual question. The Supreme Court recently reaffirmed Lord Justice Bowden's treatment of the problem a century ago:

> "The state of a man's mind is as much a fact as the state of his digestion. It is true that it is very difficult to prove what the state of a man's mind at a particular time is, but if it can be ascertained it is as much a fact as anything else." *Edgington v. Fitzmaurice*, 29 Ch. Div. 459, 483 (1885).

*Aikens*, 460 U.S. at 716–17, 103 S.Ct. at 1482–83. Thus, by pointing to evidence which calls into question the defendant's intent, the plaintiff raises an issue of material fact which, if genuine, is sufficient to preclude summary judgment.

A defendant which is less than honest in proffering its reason for discharge risks an unnecessary age discrimination verdict. As we indicate above, the *McDonnell Douglas* test is based on the Supreme Court's assumption that "when all legit-imate reasons for rejecting an applicant have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer ... based his decision on an impermissible consideration such as [age]." *Furnco*, 438 U.S. at 577, 98 S.Ct. at 2950. If the plaintiff convinces the trier of fact that it is more likely than not that the employer did not act for its proffered reason, then the employer's decision remains unexplained and the inferences from the evidence produced by the plaintiff may be sufficient to prove the ultimate fact of discriminatory intent in accordance with the *Aikens* standard. "[P]laintiff must be given an opportunity to show that the defendant's stated reasons were in fact only pretextual or incredible." *Dillon v. Coles*, 746 F.2d at 1003. Not only do the holdings of several of our recent opinions so indicate, but the Supreme Court has on numerous occasions stated that a defendant's proffered reason for discharge may be attacked by means of indirect evidence. *See, e.g., Thurston*, 469 U.S. at 121, 105 S.Ct. at 621; *Aikens*, 460 U.S. at 717, 103 S.Ct. at 1482; *Burdine*, 450 U.S. at 255 n. 10 & 256, 101 S.Ct. at 1094 n. 10 & 1095.

The defendant cites our opinion in *Massarsky v. General Motors Corporation*, 706 F.2d 111, 118 (3d Cir.), *cert. denied*, 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983), for the proposition that because the plaintiff must prove that the defendant's proffered reason for discharge is "a pretext for discrimination," the plaintiff is required to produce direct evidence of discrimination in addition to demonstrating pretext. The *Massarsky* quotation is, however, a restatement of language in *Burdine* which the Court used as a short-hand reference to its explanation of the plaintiff's burden of demonstrating pretext. The *Burdine* Court's full explanation is consistent with the use, at the pretext stage, of indirect evidence attacking the credibility of the defendant's proffered reason for discharge. The Court stated:

> The plaintiff retains the burden of persuasion. She now must have the opportunity to demonstrate that *the proffered reason was not the true reason for the employment decision*. This burden now

merges with the ultimate burden of persuading the court that she has been the victim of intentional discrimination. She may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence. See *McDonnell Douglas*, 411 U.S. at 804–805, 93 S.Ct. at 1825–1826.

*Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095 (emphasis added).

The defendant also relies on the opinion of the United States Court of Appeals for the First Circuit in *White v. Vathally*, 732 F.2d 1037 (1st Cir.), *cert. denied*, 469 U.S. 933, 105 S.Ct. 331, 83 L.Ed.2d 267 (1984). In *White*, the court held, after trial, that the plaintiff had not carried her burden of persuasion on the issue of discrimination by tendering evidence that the defendant's proffered reason was not the entire explanation for the employment decision. The court found that the "proffered explanation was not clearly 'unworthy of credence'" and concluded that "[m]erely casting doubt on the employer's articulated reason does not suffice to meet the plaintiff's burden of demonstrating discriminatory intent." *White*, 732 F.2d at 1043 (citation omitted). A careful reading of *White* leads us to conclude that it is inapposite here where Chipollini has presented evidence sufficient to challenge the factual support for the defendant's stated reasons for discharge.

In opposing the summary judgment motion Chipollini presented specific evidence which supports his position that the defendant's proffered reason is unworthy of credence. This evidence, if credited by the factfinder at trial, would be sufficient to meet Chipollini's burden to counter the defendant's reasons as pretextual as set forth in *Burdine*. Therefore, we conclude that a genuine issue of material fact is raised.

## V.

The district court, while correctly acknowledging that Chipollini could show pretext either directly or indirectly, nevertheless rejected the plaintiff's indirect evidence because it did not "necessarily" show that he was discharged because of his age. The court reasoned:

> It is not enough for the plaintiff to show that the employer made an unwise business decision, or an unnecessary personnel move. And it is not enough for the plaintiff to show that the employer acted arbitrarily or with ill will. These facts, even if demonstrated, do not necessarily show that *age* was a motivating factor.

(Emphasis in original.) During the consideration of a motion for summary judgment, any doubts as to the existence of genuine issues of fact are to be resolved against the moving party. *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Moreover, "[i]nferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion." *Id.*

■ In the context of the summary judgment motion, however, the court should have considered whether evidence of inconsistencies and implausibilities in the employer's proffered reasons for discharge reasonably *could* support an inference that the employer did not act for non-discriminatory reasons, not whether the evidence *necessarily* leads to that conclusion that the employer did act for discriminatory reasons. *Graham v. F.V. Leopold Co.*, 779 F.2d 170, 172–73 (3d Cir.1985).

■ The district court erred in weighing competing inferences and in resolving disputed facts. For example, the court emphasized that the plaintiff's evidence is not relevant to the defendant's perceptions of his performance and of Mr. Liberatore's qualifications. The district court overlooked evidence contained in affidavits, interrogatories and depositions which can be read as challenging the defendant's factual support with respect to its proffered reasons for discharge.

The plaintiff, in an affidavit, contradicted the defendant's position that the plaintiff had performed his duties as "energy ward-

en" poorly. Indeed, the plaintiff denied that he had ever been assigned the role of "energy warden":

The "energy warden" phrase, used for the first and last time prior to this litigation, was contained in a memo dated June 29, 1981 from Charles Ross to Phil Greenspun of which I received a carbon copy.[5] (See Exhibit "D") it mentioned that I "would become our energy warden." This was never discussed with me in any way. I still don't know what it means. As I had for the previous ten years, I continued to work with our energy consultants, Pierson and Evans on all energy related construction matters. As indicated above, I continued to develop new energy savings programs as I had for many years. I certainly was never criticized for this work, and I never heard the phrase "energy warden" used by anyone in any discussions with me.

Similarly, the plaintiff denied the defendant's assertion that it was concerned about the plaintiff's reduced ability to travel due to a phlebitis problem. In his affidavit, the plaintiff asserted:

My "phlebitis problem" probably refers to a minor vascular problem which has become of concern only since this case began.

It was never a problem or a concern to me or to anyone else while I was employed. I had no health problems that interfered with my job or which could in anyway be a problem for Spencer's. Spencer's records should prove that I rarely, if ever, in the course of eleven years used sick leave time. (I also did not use a considerable amount of the vacation leave to which I was entitled.) I believe the records will also reflect that I might have used one or two days due to my "phlebitis problem". Such problem had absolutely nothing to do with my ability to travel or to do my job.

The district court accepted without reservation the defendant's position that the plaintiff's "supervisors had found him to be less cooperative and easy to get along with than they would have liked." Charles Ross, one of the plaintiff's supervisors, was unable to give any examples of the plaintiff's lack of cooperation. Mr. Ross testified in a deposition: "But generally it was that he was not adaptive. That was my impression. But as I have indicated before I can't give you examples." Mr. Ross did assign letter evaluations each year to the plaintiff's performance. Those evaluations gradually declined from "E", for excellent, to "G" for good. In response to an interrogatory, the defendant admitted that no other formal evaluation was undertaken. In letters of recommendation written after the plaintiff's termination, however, Mr. Greenspun recommended the plaintiff "highly" and wrote that "Mr. Chipollini carried out his responsibilities with a high degree of professionalism, expertise and dedication." In similar letters, the defendant's Director of Human Resources wrote that "Mr. Chipollini is nothing short of outstanding, personally and professionally." In addition, the "Reasons Discharged" space on the Personnel Action Authorization form for the plaintiff's discharge is blank.

The evidence of record, if properly viewed in the light most favorable to the non-moving party, does not support the entry of summary judgment. The proffered reason for discharge is a subjective one. The plaintiff challenges the defendant's post-litigation articulation of its intent and the documentary evidence can be viewed as supporting the plaintiff's challenge. Consequently, the issue of pretext turns on Spencer's credibility and is not appropriate for resolution on a summary judgment motion. The plaintiff is entitled to a jury trial on the merits. *See* 29 U.S.C. § 626(c)(2) (1982).

## VI.

We find that the district court erred in its resolution of the defendant's summary judgment motion by requiring direct evi-

---

**5.** The plaintiff's immediate supervisor was Philip Greenspun, the Director of Store Planning. Mr. Greenspun reported to Charles Ross, the Vice-President in charge of the Store Operations Department.

dence of discriminatory intent, by failing to afford the plaintiff the benefit of all reasonable inferences to be drawn from the evidence of record and by resolving disputed issues of fact. Consequently, we will reverse the district court's entry of judgment in favor of the defendant.

JAMES HUNTER, III, Circuit Judge, dissenting:

The majority correctly sets out the elements necessary to make out a prima facie case under the ADEA, and accurately describes *Burdine's* shifting burdens of proof under the statute. The majority errs, however, in asserting that the plaintiff can overcome the defendant's motion for summary judgment merely by making a showing that the defendant's proffered explanation for the plaintiff's dismissal is pretextual. In my view, it is not enough for the plaintiff to show pretext in order to withstand the defendant's motion for summary judgment; I believe he must go further, and show that the proffered explanation is a pretext specifically for age discrimination.

I agree with the majority that summary judgment should be granted only where "no genuine issue as to a material fact remains for trial, and the moving party is entitled to judgment as a matter of law." *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Of course, no genuine issue of material fact remains for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, — U.S. ——, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Therefore, when ruling on a summary judgment motion, a judge must "view the evidence presented through the prism of the substantive evidentiary burden" that the parties must bear at trial. Anderson, 106 S.Ct. at 2513. As the majority points out, if "the nonmovant will bear the burden of persuasion at trial, the party moving for summary

judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial. *See Celotex Corp. v. Catrett*, — U.S. ——, 106 S.Ct. 2548 [91 L.Ed.2d 265] (1986)."

In an ADEA action the plaintiff has the burden of persuasion on the issue of discriminatory intent. *Duffy v. Wheeling Pittsburgh Steel Corp.*, 738 F.2d 1393, 1395 (3d Cir.), *cert. denied*, 469 U.S. 1087, 105 S.Ct. 592, 83 L.Ed.2d 702 (1984). Furthermore, the plaintiff must persuade the jury not only that the defendant's proffered explanation is pretextual, but also that it is "a pretext *for unlawful discrimination.*" *Massarsky v. General Motors Corp.*, 706 F.2d 111, 118 (3d Cir.), *cert. denied*, 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983) (emphasis added); *see also Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981) (sex discrimination plaintiff should have the opportunity to show that proffered explanation is "pretext for discrimination"). Since none of Chipollini's evidence even raised the issue of age as a factor in his dismissal, he has made no showing that he will be able to bear his ultimate burden of persuasion at trial on the critical issue of discrimination. Therefore, the judge below correctly entered summary judgment for Spencer in accordance with *Celotex* and *Anderson*.

The majority today shifts the burden of persuasion from the plaintiff to the defendant in clear derogation of controlling precedent. *See Burdine*, 450 U.S. at 253, 101 S.Ct. at 1093 ("The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."). Despite the majority's bland assertion that a "defendant which is less than honest in proffering its reason for discharge risks an unnecessary age discrimination verdict," it is the plaintiff who must prove discrimination; the defendant is not required to prove the absence thereof. *See*

*Trustees of Keene State College v. Sweeney,* 439 U.S. 24, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978) (per curiam). Yet, by allowing Chipollini to overcome Spencer's motion for summary judgment without introducing any evidence pointing to age discrimination, the majority has effectively and impermissibly shifted the burden of persuasion from Chipollini to Spencer. While the majority does not frankly admit that its decision today will provide such an unwarranted windfall to ADEA plaintiffs, a careful examination of the doctrine shows this to be the case.

*Burdine* grants the plaintiff the beneficial presumption of discrimination only as long as that presumption remains unrebutted by the defendant. *See Burdine,* 450 U.S. at 254–55, 101 S.Ct. at 1094–95. Once the defendant has "articulate[d] some legitimate, nondiscriminatory reason for the employee's rejection," *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), the initial presumption is "dispel[led]." *Furnco Constr. Corp. v. Waters,* 438 U.S. 567, 578, 98 S.Ct. 2943, 2950, 57 L.Ed.2d 957 (1978). While the evidence introduced to support the prima facie case continues to have probative force, it no longer carries with it the "legally mandatory inference of discrimination." *Burdine,* 450 U.S. at 255 n. 10, 101 S.Ct. at 1095 n. 10. In considering Spencer's motion for summary judgment in this case, the district court had before it only the facts that constituted Chipollini's initial prima facie case and Chipollini's claim that Spencer's proffered explanations for his dismissal were untrue. Taken together, these facts cannot possibly support the plaintiff's burden of persuasion, unless the majority believes that the plaintiff's initial presumption of discrimination was effectively restored once the plaintiff proved pretext. *See White v. Vathally,* 732 F.2d 1037, 1043 (1st Cir.), *cert. denied,* 469 U.S. 933, 105 S.Ct. 331, 83 L.Ed.2d 267 (1984). There is, however, no Supreme Court authority that would support such a resurrection. *See id. But see Thornbrough v. Columbus & Greenville R. Co.,* 760 F.2d 633, 640 (5th Cir.1985) ("unlike Humpty-Dumpty, the employee's prima facie case can be put back together again, through proof that the employer's proffered reasons are pretextual"). By concluding that the plaintiff can carry his burden of persuasion through such a minimal showing, the majority actually places the burden on the defendant to disprove plaintiff's claim. While this result may be favored by some, it is contrary to the law, which requires the plaintiff, not the defendant, to bear the burden of persuasion. *See Burdine,* 450 U.S. at 248, 101 S.Ct. at 1089; *Sweeney,* 439 U.S. at 24–25, 99 S.Ct. at 295–96.

Affirmance of the district court's decision is compelled not only by the law as stated in *Burdine, Massarsky, Celotex,* and *Anderson,* but by logic and fairness as well. An employer's proffered reason for terminating an employee may be pretextual without violating the ADEA or any other civil rights statute. An employer motivated by ill-will, nepotism, or unpublicized financial problems in his termination of an employee is just as likely to use a pretextual explanation for his action as is an employer motivated by statutorily-prohibited discrimination. *See, e.g., Holly v. City of Naperville,* 603 F.Supp. 220, 230–31 n. 4 (N.D.Ill.1985); *Askin v. Firestone Tire & Rubber Co.,* 600 F.Supp. 751, 755 (E.D.Ky. 1985), *aff'd,* 785 F.2d 307 (6th Cir.1986). Employers may even resort to pretext for benign reasons, such as the desire to spare the feelings of a loyal employee whose competence has declined. Under such circumstances, we have no power under the ADEA to provide redress. "An employer can fire an employee for any reason, fair or unfair, so long as the decision to terminate is not based on age or some other protected category." *Kier v. Commercial Union Ins. Cos.,* 808 F.2d 1254, 1259 (7th Cir. 1987). By allowing the plaintiff to withstand defendant's motion for summary judgment merely by showing pretext, the majority opens the door for ADEA recovery for termination based on any of the non-discriminatory reasons enumerated above. It is for this reason that "although

the plaintiff may show pretext 'either directly ... or indirectly by showing that the employer's proffered explanation is unworthy of credence,' [*Burdine*, 450 U.S. at 256, 101 S.Ct. at 1095] *such a showing does not relieve the plaintiff of the burden of persuasion on the ultimate issue of discriminatory intent." White v. Vathally*, 732 F.2d at 1043 (emphasis added).

I do not mean to imply by the foregoing that ADEA plaintiffs can only prove age discrimination by direct evidence. It is clear from the decisions handed down by the Supreme Court that plaintiffs may bear their burden of persuasion by direct *or* indirect evidence. *See United States Postal Serv. v. Aikens*, 460 U.S. 711, 714 n. 3, 103 S.Ct. 1478, 1481 n. 3, 75 L.Ed.2d 403 (1983). The indirect evidence by which the plaintiff may bear his burden of persuasion may consist of "evidence that [older] employees were treated less favorably than comparably situated [younger] employees," *Henderson v. City of Mexico*, 798 F.2d 320, 323 (8th Cir.1986); "evidence that the employer was engaged in a general youth movement of which the claimant may have been one victim," *Lovelace v. Sherwin-Williams Co.*, 681 F.2d 230, 243 (4th Cir. 1982); evidence that the statutorily protected employee's dismissal was obtained in a manner contrary to regular company practices and procedures, *see Loeb v. Textron, Inc.*, 600 F.2d 1003, 1017 (1st Cir.1979); "company documents that might be interpreted as indicating a preference for younger employees," *id.* at 1018; or "statistics evidencing an employer's pattern and practice of discriminatory conduct." *Plemer v. Parsons-Gilbane*, 713 F.2d 1127, 1135 (5th Cir.1983) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 805, 93 S.Ct. 1817, 1825, 36 L.Ed.2d 668 (1973)). The "evidence" at issue in this case—Chipollini's arguments that Spencer's explanations for his dismissal are pretextual—constitutes neither direct or indirect evidence of age discrimination. His allegations of pretext provide no evidence of age discrimination whatsoever. The district court correctly noted the absence of either direct or indirect evidence to support Chipollini's claim of age discrimination:

> [N]othing the plaintiff has proffered raises an issue of age as a factor that was considered along with the other intangibles. No statement made to plaintiff, no memos among defendant's decision-making employees have been submitted; no statistics have been compiled; no pattern or practice of discrimination has been suggested. To allow a jury to infer age discrimination would simply be to invite speculation.

The majority also finds that "[t]he district court erred in weighing competing inferences and resolving disputed facts." I believe that even if Chipollini's view of his qualifications, the effect of his health on his work performance, the "energy warden" controversy, and his ability to work with others were fully credited, there is no *possible* inference of age discrimination based on Spencer's and Chipollini's differing perceptions on these matters. Since these facts were not material to the ultimate question of discriminatory intent, the district court's resolution of them was not error. *See E.E.O.C. v. Westinghouse Elec. Corp.*, 725 F.2d 211, 218 (3d Cir.1983) ("A summary judgment order is not defeated, however, merely because an issue of fact exists; the factual issue in dispute must be material to the resolution of the dispute."), *cert. denied*, 469 U.S. 820, 105 S.Ct. 92, 83 L.Ed.2d 38 (1984).

For the foregoing reasons, I respectfully dissent, and would affirm the judgment of the district court.