**Ray KENNEY; Tom Hollister; Ronald Mix,**

v.

**FOOTLOCKER WORLDWIDE; Venator Group, Inc.; John Does 1–5; Jane Does 1–5; XYZ Corporations 1–5, being fictitious names; Venator Retail Group, d/b/a Footlocker Worldwide,**

Ray Kenney, Appellant,

Tom Hollister, Appellant,

Ronald MIX, Appellant.

Nos. 02–1304, 02–1321, 02–1322.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) on Oct. 17, 2002.

Decided Dec. 3, 2002.

Before ROTH, GREENBERG, Circuit Judges and WARD * District Judge.

## OPINION

ROTH, Circuit Judge.

Ray Kenney, Tom Hollister, and Ronald Mix brought suit against Venator Retail Group, Inc., which does business as Footlocker, claiming age discrimination. The United States District Court for the District of New Jersey granted Venator's motion for summary judgment and Kenney, Hollister, and Mix appealed. They contend that the court erred in granting Venator's motion for summary judgment because they had produced sufficient evidence to establish a prima facie claim of age discrimination and they had produced sufficient evidence that Venator's non-discriminatory reasons for terminating their employment were pretextual.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. *See Pittston Co. Ultramar America Ltd. v. Allianz Ins. Co.,* 124 F.3d 508, 515 (3d Cir.1997). We will view the facts in the light most favorable to the nonmoving party and we will draw all inferences in that party's favor. *See Gray v. York Newspapers, Inc.,* 957 F.2d

* Honorable Robert J. Ward, District Court Judge for the Southern District of New York, sitting by designation existence of some factu- al dispute will not defeat an otherwise properly supported motion

1070, 1078 (3d Cir.1992). As long, however, as there are no genuine issues of material fact, the mere for summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

We will not recite the facts of the case as the parties are familiar with them.

Appellants Kenney, Hollister, and Mix allege that they produced evidence sufficient to establish a genuine issue of material fact as to each element of a prima facie case of age discrimination under the ADEA. To do so, an employee must show that "(1) he is over 40 years old; (2) he is qualified for the position in question; (3) he suffered from an adverse employment decision; and (4) his replacement was sufficiently younger to permit a reasonable inference of age discrimination."[1] *Lawrence v. Nat'l Westminster Bank New Jersey,* 98 F.3d 61, 65 (3d Cir.1996); *see also Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 897 (3d Cir.1987).

We agree with the District Court that each appellant set forth evidence sufficient to establish the requisite elements of a prima facie case of discrimination. The appellants are within the protected age classification and they all suffered adverse employment decisions. When their group was reduced from five to two positions, they were all qualified for at least one of the remaining two positions. Because the individuals who filled these two positions were ages forty-four and thirty-seven, in comparison with the appellants' ages of fifty-four to fifty-seven, the fourth element is also satisfied. We find that the appellants created a presumption of discriminatory intent on the part of Venator.

As for the burden then placed on the employer to show a legitimate reason for the employment action, the appellants agree that Venator met its burden of demonstrating a non-discriminatory reason for their discharges.

The appellants allege, however, that they should have survived summary judgment because they submitted sufficient evidence to prove that Venator's reasons for their terminations were pretextual. We disagree and find, like the District Court, that the appellants failed to refute Venator's legitimate reasons for the discharges. We will not second-guess a business entity's managerial determination that a reduction-in-force was an economic reality. *See Kelly v. Drexel University,* 94 F.3d 102, 109 (3d Cir.1996). Nor do we find plausible the appellants' contentions that the means by which they were terminated (and the remaining two individuals were retained in their group) constituted pretext. Finally, we agree with the District Court that the appellants failed to demonstrate that age was more likely than not a motivating or determining cause of their terminations, in part because the vast majority of the persons affected by the corporate reduction-in-force were under forty years of age. Thus, we find that the appellants failed to sufficiently discredit Venator's nondiscriminatory reasons for their terminations.

For the foregoing reasons, we will affirm the grant of summary judgment by the District Court.

---

1. While the appellants argue that the fourth element may be relaxed in certain circumstances, such as a reduction in force, we find that such a relaxation is not necessary here as the appellants have produced sufficient evidence to establish this element. *See Torre v. Casio, Inc.,* 42 F.3d 825, 831 (3d Cir.1994) (addressing relaxation of this element in reduction in force cases).