William T. TURNER, Plaintiff,

v.

SCHERING–PLOUGH CORPORATION, Defendant.

Civ. A. No. 86–1450.

United States District Court, D. New Jersey.

Feb. 10, 1989.

Patricia M. Greeley, Giordano, Halleran & Ciesla, P.C., Middletown, N.J., for plaintiff.

Richard Mariani, Jerrold J. Wohlgemuth, Apruzzese, McDermott, Mastro & Murphy, Springfield, N.J., for defendant.

## OPINION AND ORDER

POLITAN, District Judge.

This matter comes before the Court on defendant's motion for reconsideration pursuant to General Rule 12 I of the denial of summary judgment on the ADEA claims. Plaintiff has cross-moved for reconsideration of my decision to grant summary judgment on the claim for liquidated damages under 29 U.S.C. section 626(b) and on plaintiff's ERISA Count. For the reasons outlined herein, defendant's motion is granted and plaintiff's motion is denied.

Plaintiff, Turner was hired by defendant Schering Corp. in 1948 and had been working there continuously until he was terminated in 1985. Prior to 1982, plaintiff had consistently received excellent reviews and had risen from clerical work to managerial positions in Schering Corp. In 1982, plaintiff's department was moved from sales and marketing into the manufacturing division. Under the new division, Turner had to report to Steven LaHood, a 35 year old manager who was employed by the defendant for less than two years. LaHood evaluated Turner's work to be unsatisfactory. In May of 1983, a new position was created for Turner which resulted in a one grade demotion. While plaintiff remained at the same salary level, the demotion effectively prevented him from becoming a director in the Schering organization. Plaintiff's performance was generally rated as "very good" until November 1985 when plaintiff's position was eliminated and plaintiff was terminated. Schering contends that the position was eliminated as part of a general reorganization suggested by an outside efficiency analysis firm hired to streamline the management structure of plaintiffs division. Plaintiff asserts that he was a victim of age discrimination.

In his Complaint, plaintiff alleges that defendant discriminated against him because of his age in violation of the Age Discrimination in Employment Act, ("ADEA"), 29 U.S.C. sec. 621 *et seq.* and the New Jersey Law Against Discrimination, N.J.Stat.Ann. 10:5–1, *et seq.* Plaintiff's Complaint also contains a claim that his rights under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. sec. 1001, *et seq.*, were violated as well as a state law claim for wrongful discharge. Defendant now moves for summary judgment on the entire Complaint.

■ To recover under the ADEA, a plaintiff must prove that age was a determinative factor in the employer's decision to terminate plaintiff. *Berndt v. Kaiser Aluminum & Chemical Sales, Inc.,* 789 F.2d 253, 256 (3d Cir.1986). The order and

allocation of proof in an age discrimination suit is governed by the three part test set forth in *McDonnell–Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), for Title VII cases. First, plaintiff must make out a *prima facie* case. Then the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for plaintiff's termination. If the employer meets this burden, the plaintiff must show that the proffered reason is a pretext for discrimination. *See, e.g., Dreyer v. Arco Chemical Co.,* 801 F.2d 651, 653 (3d Cir. 1986). "At all times, the plaintiff bears the ultimate burden of proving that age was 'a determinative factor' in the decision." *Id.* (citations omitted).

■ Plaintiff may establish a *prima facie* case by proving by a preponderance of the evidence that he (1) belongs to a protected class; (2) was qualified for the position; (3) was dismissed despite being qualified; (4) was replaced by someone younger. *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 897 (3d Cir.) (*en banc*), *cert. dismissed,* — U.S. —, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987).

■ It is undisputed that plaintiff was 55 years old when Schering terminated his employment. It is also undisputed that plaintiff was qualified for the position from which he was terminated. Plaintiff has clearly met his burden of establishing a prima facie case. At the time plaintiff was terminated, Schering eliminated the position so plaintiff was never actually replaced with a younger person.[1] The Third Circuit has recognized that "[i]n a reduction in force situation, it is often impracticable to require a plaintiff whose job has been eliminated to show replacement." *Dreyer,* 801 F.2d at 654 (citations omitted).

Under *McDonnell–Douglas,* the burden now shifts to defendant to articulate their reason for the termination. In the instant case, defendant has submitted evidence that the reason for plaintiff's termination was a company reorganization of manage-

---

1. Schering replaced Turner with a younger person in 1983 when Turner was first reassigned to another position. That person was later fired for poor performance.

ment personnel. Therefore, they have come forth with a legitimate, nondiscriminatory reason for the termination. The burden of production now shifts back to plaintiff to show that the proffered reason was pretextual and that defendant's true reason for the termination was discriminatory.

■ Defendant contends that they are entitled to summary judgment as a matter of law because plaintiff has not come forth with any proof that the reason given for plaintiff's termination was pretextual. "To defeat a summary judgment motion based only on defendant's proffer of a nondiscriminatory animus, a plaintiff who has made a *prima facie* showing of discrimination, need only point to evidence establishing a reasonable inference that the employer's proffered explanation is unworthy of credence." *Sorba v. Pennsylvania Drilling Co., Inc.* 821 F.2d 200, 205 (3d Cir. 1987), *cert. denied,* — U.S. —, 108 S.Ct. 730, 98 L.Ed.2d 679 (1988). Specifically, in age discrimination cases, "[w]here the employer has produced evidence of a non discriminatory motive for the employee's dismissal, the appropriate summary judgment question is whether the evidence in the record could support a reasonable jury finding either that the plaintiff has shown age discrimination directly or that the proffered nondiscriminatory reason is unworthy of credence." *Id.* at 203. In order to prevail on a summary judgment motion, the defendant employer must show that the plaintiff will be unable to introduce either direct evidence of a purpose to discriminate, or indirect evidence of that purpose by showing that the proffered reason is subject to factual dispute. *Chipollini* at 899. However, as the Court later noted in *Healy v. New York Life,* 860 F.2d 1209, 1219 (3d Cir.1988), *Chipollini* does not stand for the proposition that summary judgment is never available in discrimination cases. In order to avoid summary judgment, a plaintiff must present evidence

which "create[s] a genuine issue of material fact as to the credibility of the employer's legitimate business reasons...." *Id.*

*Healy* concerned a situation similar to that of the plaintiff in this case. In *Healy,* plaintiff was terminated due to a reduction in force. Healy argued that he was a satisfactory employee and that his employer's reason for discharge was pretextual. Until the time of Healy's discharge, he had generally received favorable reviews. Those reviews, however, had noted deficiencies in high-level executive performance. Healy's superiors claimed the discharge was a result of Healy's inability to broaden his responsibilities and assume expanded job functions to prepare for future objectives. *Id.* at 1212.

Healy challenged the defendants asserted reasons in three manners, two of which are relevant here.[2] Firstly, Healy argued that the same evaluations used by the Company to demonstrate Healy's shortfalls also show that he was willing to assume new responsibilities. *Id.* at 1215. The Court declined to rule that this alone demonstrated pretext. Rather, they stated "[h]owever, this fact does not refute the Company's legitimate business reasons for [Healy's] discharge, even when read in the light most favorable to Healy." *Id.* Next, Healy pointed out that the defendant promoted him immediately after an evaluation later used to demonstrate Healy's deficiencies. The Circuit noted that promotion from a lower level does not mean that problems do not exist which could affect performance in a more demanding job. *Id.* In short, Healy failed in his efforts because he "failed to introduce counter-affidavits and argumentation that demonstrate that there is reason to disbelieve this particular explanation...."

■ In the instant case, as in *Healy,* plaintiff has submitted no evidence which disputes or undermines the credibility of the Schering's reason behind the termi-

**2.** The third method Healy offered to show pretext was that his post-termination evaluation was dated three weeks after he filed a charge of age discrimination with the EEOC. While the Court noted that *post hoc* statements are, to

some degree suspect, they did not find this indicative of pretext because Healy's post-termination evaluation was not substantially different from his earlier ones. *Healy,* 860 F.2d at 1212.

nation. Instead, plaintiff focuses on the fact that he performed well for thirty five years and was a dedicated and loyal employee. Schering does not challenge that. The fatal flaw in plaintiff's presentation is that he never controverts, and in fact does not address, the specific reasons given for his demotion or the ultimate elimination of the position.

The deposition submitted in the present case sets forth in precise detail the reasons for plaintiff's demotion. LaHood, plaintiff's supervisor testified that he was dissatisfied with Turner's performance as Manager of Distribution. LaHood testified that problems existed at the distribution centers under Turner's control. He also testified that there were concerns about Turner's lack of awareness regarding his responsibilities, and about Turner's apparent inability to supervise and direct others. LaHood states that he discussed these concerns with Turner and that the decision to demote Turner was made after Turner did not improve. Rather than dispute each basis for LaHood's assessment, plaintiff merely states that LaHood was thirty five years old and had only observed plaintiff for a short time.[3] Plaintiff does not offer any evidence that LaHood's assessment was inaccurate or subject to dispute which is what plaintiff is required to do to defeat a motion for summary judgment.

Concerning plaintiff's ultimate discharge, defendant has offered testimony that plaintiff's termination was motivated by a reorganization of management which resulted in plaintiff's position being eliminated.[4] Other than respond that defendant corporation was not in an economic crisis so as to warrant a reorganization, plaintiff offers no rebuttal. Plaintiff's response, however, does not refute defendant's reason because Schering never claimed to be undergoing financial difficulty. Therefore, plaintiff does not call into dispute defendants prof-

fered explanation for his discharge. As the Court stated in *Healy*, plaintiff must do more than just show that he was qualified for the position; "he must also introduce evidence that casts doubt on his employer's contention that there was a legitimate business justification for letting him go." 860 F.2d at 1220.

Lastly, plaintiff attempts to show that other positions were available within defendant corporation which plaintiff was qualified to fill. Plaintiff contends that defendants refusal to consider him for these positions constitutes age discrimination. Once again, plaintiff does not directly refute affidavits of LaHood and Rich Happel that they both tried to locate positions for plaintiff. Further, plaintiff's statements that many jobs were available within the company does not necessarily mean that plaintiff was qualified to fill those jobs. Plaintiff merely draws conclusions which are not supported by any facts in the record. Since plaintiff has been unable to demonstrate specific evidence that could support an inference that the employer did not act for non-discriminatory reasons, summary judgment is appropriate. As the Court in *Healy*, so aptly noted, "our inquiry must concern pretext, and is not an independent assessment of how we might evaluate and treat a loyal employee." *Healy*, 860 F.2d at 1216 (citations omitted).

New Jersey courts have analyzed state law claims by using the guidelines set out in the federal cases dealing with discrimination. *See Goodman v. London Metals Exchange*, 86 N.J. 19, 429 A.2d 341 (1981). For the reasons set forth above, summary judgment is granted on these counts as well.

Plaintiff has cross-moved for reconsideration of my decision to grant summary judgment in favor of defendant on plaintiff's claim for liquidated damages on his ADEA claim on plaintiff's ERISA claim.

**3.** Specifically, plaintiff, in a supplemental letter to the Court lists the following as a "fact" from which they wish the Court to infer age discrimination.

**4.** Plaintiff was demoted in 1983 and a new position was created to take advantage of Turner's

management skills. Plaintiff performed well in the newly created position and received "very good" evaluations until November 1985 when the position was eliminated as part of the reorganization.

■ Plaintiff alleges a willful violation of ADEA thus entitling him to liquidated damages under 29 U.S.C. § 626(b). Under *Dreyer v. Arco Chemical Co.*, 801 F.2d 651 (1986), the Third Circuit made it clear that a showing of "outrageousness" is needed to support a claim of willfulness. "Nonetheless, in order that the liquidated damages be based on evidence that does not merely duplicate that needed for compensatory damages, there must be some additional evidence of outrageous conduct." *Id.* at 658. In the instant case, the record is clearly devoid of such evidence and I will reaffirm my initial grant of summary judgment.

■ Plaintiff's claim under ERISA also must fail. In order to recover under ERISA, a plaintiff must demonstrate that the defendant had a "specific intent" to violate ERISA. *Gavalik v. Continental Can Co.*, 812 F.2d 834, 851–52 (3d Cir.), *cert. denied,* — U.S. ——, 108 S.Ct. 495, 98 L.Ed.2d 492 (1987). From the evidence submitted, plaintiff has failed to demonstrate that Schering had any "specific intent" to violate ERISA. Plaintiff's deposition testimony reveals that his claim rests on the fact that he was terminated and received a smaller pension benefit as a result of the termination. Proof of loss of benefits, alone, will not constitute a violation of ERISA. *Id.*

For the reasons outlined in this Opinion,

IT IS on this 10th day of February, 1989, hereby

ORDERED that defendant's motion for reconsideration of the denial of summary judgment on the ADEA Counts and on the state law claims of age discrimination be, and it hereby is GRANTED; and it is further

ORDERED that plaintiff's motion for reconsideration be, and it hereby is DENIED; and it is further

ORDERED that plaintiff's Complaint be, and it hereby is dismissed.

Within one and a half months as Plaintiff's supervisor, with little opportunity to observe Plaintiff's performance over a sufficient period of time, and in direct contradiction to all prior evaluations of Plaintiff, Defendant's employee, LaHood, gave Plaintiff his first unsatisfactory evaluation in over 35 years with Defendant corporation. The short period of time in which this evaluation was made, demonstrates Defendant's intent through its employee LaHood, to discriminate against Plaintiff because of his age by humiliating him, subjecting him to unfair reviews with the hope that Plaintiff would resign. Defendant knew that Plaintiff was a hard working, proud, dedicated and strong minded individual. Defendant Corporation hoped that humiliation based upon discrimination would force his resignation.