**Faye L. SOLT, Plaintiff,**

v.

**ALPO PETFOODS, INC., Defendant.**

**Civ. A. No. 93–0440.**

United States District Court,
E.D. Pennsylvania.

Oct. 22, 1993.

---

Charles A. Banta, Easton, PA, for plaintiff.

Steven R. Wall, Michele A. Murphy, Morgan, Lewis & Brockius, Philadelphia, PA, for defendant.

### *MEMORANDUM AND ORDER*

HUYETT, District Judge.

### I. BACKGROUND

Plaintiff Faye Solt was an employee of Alpo Petfoods, Inc. ("Alpo") for fourteen years until she was discharged on May 31, 1992. Plaintiff was 45 years old. On the date of termination, Plaintiff was a Senior Accounts Payable Clerk in the Corporate Finance Department. Her duties consisted of reviewing invoices for a plant located in Crete, Nebraska. Plaintiff believes that her termination was motivated solely by age discrimination.

Defendant claims that Plaintiff's termination was a business decision made upon recommendation of outside consultants who proposed firm-wide decentralization. An outside consulting firm hired by Alpo to streamline operations had suggested that Alpo eliminate Plaintiff's position, among others, because the tasks performed by Plaintiff were also performed by employees located in a branch office. The Controller of the Corporate Finance Department made the decision to terminate Plaintiff and several others within Plaintiff's work unit. Plaintiff's tasks were reassigned to plant personnel in Nebraska.

Currently before the Court is Defendant's Motion for Summary Judgment. Defendant asserts that (1) Plaintiff cannot establish a *prima facie* case of age discrimination; (2) if Plaintiff does establish a *prima facie* case of age discrimination, Defendant has articulated a legitimate nondiscriminatory reason for the termination and (3) Plaintiff cannot show that the reasons articulated by Defendant are pretextual.

### II. DISCUSSION

A. *Standard For Summary Judgment.*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court does not resolve questions of disputed fact, but rather simply decides whether there is a genuine issue of fact which must be resolved at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Ettinger v. Johnson,* 556 F.2d 692 (3d Cir.1977). The facts must be viewed in the light most favorable to the non-moving party, and reasonable doubts as to the existence of a genuine issue of material fact are to be resolved against the moving party. *Continental Ins. Co. v. Bodie,* 682 F.2d 436, 438 (3d Cir.1982).

Although allegations of discrimination which involve an analysis of motive or intent

are fact intensive, summary judgment is appropriate where plaintiff has not provided enough evidence to support a reasonable inference of discrimination. *Billet v. CIGNA Corp.,* 940 F.2d 812, 816 (3d Cir.1991); *Turner v. Schering–Plough Corp.,* 705 F.Supp. 1048, 1051 (D.N.J.1989), *aff'd in part,* 901 F.2d 335 (3d Cir.1990).

### B. Age Discrimination in Employment Act

■■■ The Age Discrimination in Employment Act ("ADEA") proscribes employers from failing to hire, discharging or otherwise discriminating against any individual because of such person's age. 29 U.S.C. § 623(a). The protected class of individuals under ADEA are those who are at least 40 years of age. 29 U.S.C. § 631(a). To prevail in a disparate treatment action where plaintiff alleges that defendant's proffered reasons for termination are pretextual, plaintiff ultimately must prove by a preponderance of evidence that age was the determinative factor in the employer's decision. *Griffiths v. CIGNA Corp.,* 988 F.2d 457, 471–72 (3d Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 186, 126 L.Ed.2d 145 (U.S.1993).[1]

■■■ Under the familiar burden shifting rules established for discrimination cases, the plaintiff must first demonstrate the existence of a *prima facie* case by showing: (1) plaintiff is a member of the protected class; (2) plaintiff was discharged from a job; (3) plaintiff was qualified for the job from which she was terminated; (4) plaintiff was replaced by a younger employee. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). However in a reduction-in-force ("RIF") case plaintiff satisfies the fourth prong by showing that he

or she was treated less favorably than other similarly situated employees not in the protected class. *Massarsky v. General Motors Corp.,* 706 F.2d 111, 118 (3d Cir.), *cert. denied* 464 U.S. 937, 104 S.Ct. 348, 78 L.Ed.2d 314 (1983); *White v. Westinghouse Elec. Co.,* 862 F.2d 56, 60 (3d Cir.1988). Once established, plaintiff's *prima facie* case raises an inference of intentional discrimination by the Defendant and the burden shifts to the employer to articulate a legitimate nondiscriminatory reason for the termination. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). At that point, in order to avoid summary judgment, plaintiff must establish *by competent evidence* that the employer's proffered explanation is unworthy of credence. *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 893, 898 (3d Cir.), *cert. dismissed,* 483 U.S. 1052, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987). The plaintiff need not prove at this stage that the employer's purported reason for its action was false, but the plaintiff must criticize it effectively enough so as to raise a doubt as to whether it was the true reason for the action. *Naas v. Westinghouse Elec. Corp.,* 818 F.Supp. 874, 877 (W.D.Pa.1993).

### III. ANALYSIS

#### A. Prima Facie Case

The first two elements of Plaintiff's *prima facie* case are undisputed. Plaintiff was a member of the ADEA protected class and was terminated from employment of Defendant. Furthermore, neither party contends

---

1. A plaintiff may frame a discrimination action in one of two ways. If a plaintiff believes that the improper consideration, such as age, was the sole motivation in her termination, plaintiff may allege that the defendant's proffered reason is pretext. The issue for the court in a pretext case is whether legal *or* illegal motives were the true motives behind the decision to terminate. If a plaintiff believes that the decision to terminate resulted from a mixture of proper and improper motives, plaintiff may frame the case as a "mixed motive" case. *Ezold v. Wolf, Block, Schorr & Solis–Cohen,* 983 F.2d 509 (3d Cir.1992), *cert. denied,* —— U.S. ——, 114 S.Ct. 88, 126 L.Ed.2d 56 (U.S.1993). In a mixed motive case plaintiff must produce evidence of documents, conduct or statements by persons involved in the decision making process that may be viewed as directly reflecting the alleged discriminatory attitude. This Court need not address further the proof requirements in a mixed motive case because Plaintiff has alleged, in her complaint, that Defendant terminated Plaintiff solely based upon her age. Additionally, Plaintiff has not submitted any evidence that can fairly be said to "directly reflect an improper motive in her termination." *Griffiths v. Cigna Corp.,* 988 F.2d 457 (3d Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 186, 126 L.Ed.2d 145 (U.S.1993).

that Plaintiff was not qualified to do the work she was doing.

As to the fourth prong, Plaintiff does not clearly articulate whether she believes this case should be analyzed as a reduction-in-force case or a typical termination case. The Court finds that the facts as alleged by Plaintiff can only support analysis under the RIF scenario.

In her deposition and a questionnaire filed with Pennsylvania Human Rights Commission, Plaintiff acknowledges that her position was eliminated. Plaintiff presents no evidence suggesting that her position at Corporate Headquarters was ever filled by someone else after Plaintiff's termination. This factual scenario is precisely the factual scenario to which the RIF analysis applies. Thus, although Plaintiff asserts that she has made a *prima facie* case because she was replaced by someone younger, the only plausible meaning which can be attributed to Plaintiff's statement is that her duties were undertaken by a younger person who was already employed by Alpo. This is not the definition of "replacement". In all cases where a position is eliminated duties are transferred to another employee. If Plaintiff's definition of replacement were correct all reduction-in-force cases would become typical termination cases. Plaintiff's definition of replacement would obliterate any need for a differing analysis for RIF cases and the typical termination case. Because Plaintiff admits that her position was one of several which were eliminated, the Court finds the RIF analysis to be appropriate.

■ Under the RIF scenario, Plaintiff must show that similarly situated younger employees were treated more favorably than Plaintiff. Defendant asserts that the relevant class is all employees in the Corporate Finance department whose positions were decentralized pursuant to the recommendations of the independent consulting firm. Clearly if this is the relevant class, younger similarly situated individuals were not treated any better on the whole than Plaintiff. Plaintiff does not dispute that the positions of two other senior account clerks were terminated as a result of decentralization, both of whom were younger than she. Furthermore

one of the four women retained is within the protected class. The fact that some younger women were retained while Plaintiff was not is insufficient to establish a *prima facie* case of employment discrimination. Courts have repeatedly held that ADEA shall not be construed to suggest that employees are entitled to a preference for age. *Barnes v. Gen-CORP.*, 896 F.2d 1457, 1469 (6th Cir.) (an employer has no duty under ADEA to transfer employee to another position or displace workers with less seniority when employee's position is eliminated as part of a work force reduction), *cert. denied*, 498 U.S. 878, 111 S.Ct. 211, 112 L.Ed.2d 171 (1990); *Stacey v. Allied Stores Corp.*, 768 F.2d 402, 408 (D.C.Cir.1985) (no requirement under ADEA that an employer must place in another position an employee whose age brings him or her within the ADEA protective class when that employee is being terminated for nondiscriminatory reasons.)

■ Plaintiff has indirectly argued that the class of employees similarly situated consists of persons performing her duties and that Defendant discriminated by eliminating her position rather than someone else's. Plaintiff's argument fails because Defendant eliminated the positions of Duncan and Horn, both of whom were younger than Plaintiff. Additionally, the decision as to which positions should be decentralized is intrinsically a business decision. A business assessment that the review of Crete invoices is most efficiently performed at the branch level is plausible and well within the realm of permissible business decisions with which the Court will not interfere. *See Ezold v. Wolf, Block, Schorr & Solis–Cohen*, 983 F.2d 509 (3d Cir.1992), *cert. denied*, —— U.S. ——, 114 S.Ct. 88, 126 L.Ed.2d 56 (U.S.1993).

For the foregoing reasons the Court finds that Plaintiff has not established that she was treated less favorably than similarly situated employees. Thus, the Court finds that Plaintiff has not established a *prima facie* case. However, even if a *prima facie* had been established, the Court finds that Alpo has successfully articulated a nondiscriminatory basis for Plaintiff's termination and Plaintiff has not presented any factual evi-

dence which casts doubt as to the credibility of those articulated reasons.

### B. ALPO's Legitimate Nondiscriminatory Reason

Alpo produced evidence that outside consultants were brought into the firm in August of 1991 in order to analyze Alpo's performance relative to its competitors in various administrative areas including the Corporate Finance Department. The outside consultant reported that the Corporate Finance staff at Alpo was 29% larger than the median staff of the competitors. The overstaffing was attributed to redundancies in staffing. Functions performed at the branches in Crete, Nebraska and Decatur, Alabama were being duplicated at the Corporate Headquarters in Allentown. One particular redundancy involved the tasks assigned to Plaintiff. Internal reviewers found that employees in the Crete plant reviewed invoices against purchase orders, contacted vendors with questions concerning the invoices and obtained plant management approval to pay the invoices. Invoices were then sent to Corporate Headquarters where many of the same tasks were repeated by Plaintiff, Mary Duncan and Paula Horn, a part time employee.

Alpo decided to decentralize the positions of those employees who processed the Crete invoices to the branch office and terminate the employees who had filled these positions in order to reduce the size of the Corporate Finance staff and improve efficiency.

### C. Evidence of Pretext

Plaintiff must now demonstrate that the Defendant's proffered reason was not the true reason for the decision to terminate. *Burdine*, 450 U.S. at 254–56, 101 S.Ct. at 1094–95. As the Third Circuit Court of Appeals has noted, "[a] plaintiff has the burden of casting doubt on an employer's articulated reasons for an employment decision. Without some evidence to cast this doubt, this court will not interfere in an otherwise valid management decision. To require less would be to expose to litigation every management decision impacting on a protected party." *Billet v. Cigna Corp.*, 940 F.2d at 828.

The bulk of Plaintiff's pretext argument consists of the following statement:

The Defendant contends that the conclusion of these studies was that Alpo would need to reduce significantly its Finance staff in order to attain a competitive position. The unstated conclusion must be that the nondiscriminatory reasons for the termination is that her elimination and that of another clerk will boost the defendant corporate giant into a competitive market position. The credibility of such reasoning must be questioned and such question must be resolved in favor of the plaintiff.

 Plaintiff also alludes to the fact Defendant may have been motivated to terminate Plaintiff rather than another employee because Plaintiff had a larger salary and Defendant would save more money by terminating her. Plaintiff states "it was cheaper to get rid of [me] and give [my] responsibilities to a less expensive younger employee. The rest was part of the ruse."

 Neither of these statements sustain Plaintiff's burden of proof. Conclusory allegations, insinuation or innuendo do not satisfy the Plaintiff's burden of presenting rebuttal evidence. *Naas*, 818 F.Supp. at 880. Allegations that Defendant terminated a more expensive employee does not constitute evidence of age discrimination. Termination of a more expensive employee where a less expensive employee can do the job is a legitimate business decision.

Plaintiff has not addressed the specific reasons for termination articulated by Defendant nor has she pointed to a single fact which would cast doubt on the legitimacy of Defendant's stated reasons for the termination. Because Plaintiff has not established a *prima facie* case nor put forth evidence casting doubt on the veracity of Defendant's articulated reasons for the termination, Plaintiff has failed to carry her burden of proof with respect to Defendant's motion for summary judgment. Accordingly, Defendant is entitled to summary judgment.

### IV. CONCLUSION

For the reasons stated above, I shall grant Defendant's motion for summary judgment.