John M. RYDER, Plaintiff,

v.

**WESTINGHOUSE ELECTRIC CORPORATION,**
Defendant.

Civ. A. No. 93–1945.

United States District Court,
W.D. Pennsylvania.

Feb. 6, 1995.

Ogg, Jones, Desimone & Ignelzi, Samuel J. Cordes, Pittsburgh, PA.

Louise Q. Symons, James A. Buddie, Pittsburgh, PA, for Westinghouse Elec. Corp.

### *MEMORANDUM ORDER*

AMBROSE, District Judge.

Plaintiff John Ryder ("Ryder") has filed suit alleging that Defendant Westinghouse Electric Corporation ("Westinghouse") discriminated against him because of his age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. §§ 621–634 (1985 and Supp.1994), when they discharged him from his employment at

**536**

Westinghouse. Pending before the Court is Defendant's Motion for Summary Judgment. For the following reasons, the Motion will be denied. Discovery will be reopened for a period of 20 days, however, for the limited purpose of deposing John Ryder on the sole issue of whether he engaged in misconduct while still employed at Westinghouse by acting adversely to Westinghouse's interest regarding the dispute and arbitration between Asea Brown Boveri and Westinghouse.

▆▆▆ "Summary judgment is appropriate only when the admissible evidence fails to demonstrate a dispute of material fact and the moving party is entitled to judgment as a matter of law." *Sempier v. Johnson & Higgins*, 45 F.3d 724, 727 (3d Cir.1995); Fed. R.Civ.Proc. 56. Rule 56 mandates the entry of summary judgment against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In reviewing the record, the Court must give the nonmoving party the benefit of all reasonable inferences. *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 637 (3d Cir.1993).

▆▆▆ The burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893, 896 (3d Cir.1987) (en banc), *cert. dismissed*, 483 U.S. 1052, 108 S.Ct. 26, 97 L.Ed.2d 815 (1987). Where the nonmoving party bears the burden of persuasion at trial, the party moving for summary judgment may meet its burden by demonstrating that the nonmoving party lacks sufficient evidence to meet its burden at trial. *Sempier*, 45 F.3d at 727. The nonmoving party then creates a genuine issue of material fact by providing sufficient evidence from which a reasonable jury could find for him at trial. *Id.* The role of the trial judge on a motion for summary judgment is not to make credibility determinations and assess the evidence to determine the truth of the matter but merely to determine whether a genuine issue of fact remains for trial. *Josey*, 996 F.2d at 639.

Westinghouse argues that summary judgment must be granted for three reasons: (1) Ryder failed to set forth a prima facie case of age discrimination because Ryder's position was eliminated and he failed to show that he was replaced by a person sufficiently younger to permit an inference of age discrimination; (2) there is no evidence from which a jury could infer that Ryder's age was a factor in the determination to abolish Ryder's position as Staff Assistant; and (3) after-acquired evidence of misconduct on the part of Ryder precludes any damages in this case.

▆▆▆ To survive summary judgment in an ADEA action, a plaintiff must first demonstrate that sufficient evidence exists to establish a prima facie case of age discrimination. *Torre v. Casio, Inc.*, 42 F.3d 825, 828 (3d Cir.1994). In the usual case, where a plaintiff is terminated from his position and a younger person fills the job he previously had, a prima facie case is established by showing that the plaintiff is at least 40 years old, was qualified for the position, was dismissed despite being qualified, and ultimately was replaced by a person sufficiently younger to permit an inference of age discrimination. *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir.1994). This is not an inflexible rule, and a district court must look to the particular circumstances of a case to determine whether a prima facie case has been established. *Torre*, 42 F.3d at 830–31. Where the employer alleges that the discharged employee's position has been eliminated and that the employee is therefore not replaced, the plaintiff "need only show that he was laid off from a job for which he was qualified while other workers not in the protected class were retained." *Turner v. Schering–Plough Corp.*, 901 F.2d 335, 343 (3d Cir.1990); *see also Torre*, 42 F.3d at 830.

▆▆▆ Once the plaintiff provides sufficient evidence from which a prima facie case may be established, the defendant must then advance a legitimate, nondiscriminatory justification for the action it took. *Torre*, 42 F.3d at 830. A plaintiff may then survive summary judgment by " '*either* (i) discrediting the [employer's] proffered reasons, either circumstantially or directly, or (ii) adducing evidence, whether circumstantial or direct, that

discrimination was more likely than not a motivating or determinative cause of the adverse employment action." *Id.*

██ We have carefully reviewed the evidence submitted by both parties and find summary judgment is precluded because genuine issues of material fact exist as to Ryder's prima facie case, including whether Ryder's position was actually eliminated, as contended by Westinghouse, or whether the position was not in fact eliminated and he was actually replaced by Patricia Newingham, who was sixteen years younger than Ryder. We find that Ryder has also demonstrated that sufficient evidence exists to allow a jury to find that Westinghouse's proffered reason for Ryder's termination should be discredited. Under the above standard for a pretext age discrimination case, summary judgment is precluded and will therefore be denied.

██ As to Defendant's argument that summary judgment should be granted because the after-acquired evidence doctrine bars all damages in this case, two recent decisions binding on this court clearly hold that after-acquired evidence of employee misconduct is irrelevant in the liability stage of litigation under the ADEA. *See McKennon v. Nashville Banner Publishing Co.,* — U.S. —, 115 S.Ct. 879, 130 L.Ed.2d 852 (1995); *Mardell v. Harleysville Life Insurance Co.,* 31 F.3d 1221 (3d Cir.1994). Even if we were to accept Westinghouse's contention that Ryder divulged confidential and protected information to Asea Brown Boveri ("ABB") regarding the dispute between ABB and Westinghouse (although Westinghouse has provided nothing more than mere conjecture that Ryder did so), the Supreme Court in *McKennon* unequivocally held that such "after-acquired evidence" of employee misconduct may only be used as a limitation on damages. *McKennon,* — U.S. at — — —, 115 S.Ct. at 885–86. Moreover, as *McKennon* makes clear, after-acquired evidence of employee misconduct does not totally preclude monetary relief. At a minimum, a plaintiff who establishes that his employer violated the ADEA would be entitled to a backpay award from the date of the unlawful termination to the date the new information was

discovered. *See McKennon,* — U.S. at —, 115 S.Ct. at 886 ("The beginning point in the trial court's formulation of a remedy should be calculation of backpay from the date of the unlawful discharge to the date the new information was discovered.") Summary judgment on the basis of the after-acquired evidence doctrine is therefore inappropriate and will accordingly be denied.

██ We should note that it is not clear that the after-acquired evidence doctrine has any application at all in this case. Westinghouse apparently argues that the doctrine would apply if Ryder divulged confidential information to ABB in his capacity as consultant to ABB at some point *after* he left Westinghouse. *See* Def.Reply Br. at 8. Westinghouse also apparently argues that the after-acquired evidence doctrine would apply "if Plaintiff removed confidential information in his computer files when he left Westinghouse in violation of paragraph 7 of the Employee Intellectual Property Agreement." Def.Reply Br. at 7. Westinghouse has presented no authority supporting its proposition that the after-acquired evidence doctrine applies where the misconduct occurred after the employee had been terminated, and we believe that the doctrine would not apply in either of the two scenarios described above.

After-acquired evidence has been defined as "evidence of the employee's or applicant's misconduct or dishonesty which the employer did not know about at the time it acted adversely to the employee or applicant but which it discovered at some point prior to, or, more typically, during, subsequent legal proceedings." *Mardell,* 31 F.3d at 1222. This definition presupposes that there was an employer-employee relationship at the time the misconduct occurred, *i.e.,* that the employee had not yet been terminated. Moreover, there cannot be misconduct that the employer did not know about prior to making its adverse decision if the misconduct did not even occur until after the adverse decision was made. Westinghouse has not pointed to a single decision in which the doctrine was applied to alleged "misconduct" occurring after an employee was terminated, and we believe that the principles enunciated in

*Mardell* and *McKennon* preclude us from expanding the doctrine to that extent. *See also Calhoun v. Ball Corp.,* 866 F.Supp. 473, 477 (D.Colo.1994) (doctrine did not apply where plaintiff, upon being terminated, removed more than 5200 company documents from the workplace).

■ Westinghouse also appears to argue that Ryder may have divulged confidential information to ABB *during* his employment with Westinghouse but that it has not had an opportunity to conduct discovery on this issue, since at the time Westinghouse first became aware of Ryder's cooperation with ABB, discovery in this case had already closed. Because the after-acquired evidence doctrine could apply if any alleged misconduct occurred during Ryder's employment with Westinghouse, we will reopen discovery for a period of twenty days for the limited purpose of deposing John Ryder on the issue of whether he acted adversely to Westinghouse's interests regarding the ABB/Westinghouse dispute and arbitration while still employed at Westinghouse. If Westinghouse believes at the close of discovery that the after-acquired evidence doctrine will apply in the damages stage of this case, it can file a motion in limine on that issue and the Court will consider it at that time.

**AND NOW,** this **6th** day of February, 1995, Defendant Westinghouse Electric Corporation having filed a Motion for Summary Judgment (Docket # : 10), and after careful consideration of the submissions of the parties,

It is hereby **ORDERED** that Defendant's Motion for Summary Judgment is **DENIED.**

It is further **ORDERED** that discovery will be reopened for a period of twenty (20) days from the date of this Order for the limited purpose of deposing Plaintiff John Ryder on the issue of whether he acted adversely to Westinghouse's interests regarding the ABB/Westinghouse dispute and arbitration while still employed at Westinghouse.

The parties are advised that the pretrial conference will proceed as scheduled on Friday, February 10, 1995, at 9:30 A.M., before the undersigned. Counsel in attendance should have authority to settle.