**Cheryl D. PICOTTE, Plaintiff,**

v.

**The COMMUNITY CHILD CARE CENTER OF the THIRD WARD, Defendant.**

**No. 95–CV–6065.**

United States District Court, W.D. New York.

May 8, 1998.

Nira T. Kermisch, Rochester, NY, for plaintiff.

Matthew J. Fusco, Chamberlain, D'Amanda, Oppenheimer & Greenfield, Rochester, NY, for defendant.

## DECISION and ORDER

SIRAGUSA, District Judge.

This matter is on before the Court on a motion [document # 36–1] by defendant, The Community Child Care Center of The Third Ward, for an Order of summary judgment pursuant to Federal Rules of Civil Procedure 56 and dismissal of the complaint. For the reasons to be stated, the motion is denied.

## BACKGROUND

Plaintiff is a non-African-American female who was hired in June of 1994 as the executive director of defendant's not-for-profit corporation (a community day care center). After her hiring, she was approached by two members of the defendant's board of directors, both African–Americans. She was told that only an African–American should be the director of the day care center, that all the major decision-making roles ought to be filled by African–Americans, and that as a non-African-American, she would not be able to obtain grants for the defendant Center. She was told that her presence as the executive director would cause unrest in the African–American community, and it was implied that her presence would lead to riots.

In response to the confrontation, plaintiff filed a grievance with the defendant's board of directors and the board responded by issuing a written policy opposed to racial discrimination. Plaintiff then commenced an action in federal court by filing a complaint on February 1, 1995 [document # 1] alleging that the defendant Center "subjected her to a course of harassment, ridicule and discrimination on the basis of her race and color." Before an answer was served, plaintiff filed an Amended Complaint on February 23, 1995 [document # 2].

Subsequently, plaintiff, who was responsible for preparing the Center's budget, discussed raising the pay of some of the staff members with the board president. The board president had no objection to the pay raises based upon plaintiff's assurance that the Center's budget could afford them. Following the discussion, plaintiff raised the salaries of ten staff members, but did not report her completed action until a board meeting held on April 19, 1995.

At the April 19, 1995 meeting, plaintiff was confronted by several board members about the raises. She became upset and left the meeting. The board president followed the plaintiff and asked her to return. The plaintiff did not. Another board member asked the plaintiff to return, and this time she did return, completed the discussion of the pay raises and responded to questions. After plaintiff left the meeting, one of the African–American board members, who had previously confronted her regarding her race, moved that she be "Dismissed immediately ..." Defendant's Motion, Exhibit A (April 19, 1995 Minutes). Both this board member, as well as the other African–American involved in the earlier confrontation, voted yes to the motion to terminate plaintiff.

Thereafter, plaintiff was handed a termination letter by the board president, which stated that she was being discharged for insubordination. This was the same reason given for her discharge in a letter to the New York State Department of Labor dated June 2, 1995. However, three board members have filed affidavits with the Court indicating that plaintiff was terminated because she granted unauthorized raises, not for insubordination.

Plaintiff's amended complaint was eventually dismissed in the Decision and Order of Chief Judge Larimer filed on October 12, 1995 [document # 22]. In that decision, however, Judge Larimer granted plaintiff's cross-motion for permission to file a supplemental complaint [document # 23]. That supplemental complaint filed on August 19, 1995, alleges plaintiff was terminated because of her race and "in retaliation for bring[ing] this Title VII complaint against her employer." Supplemental Complaint, at ¶¶ 31 & 38.

## SUMMARY JUDGMENT STANDARD

The law on summary judgment is well settled. Summary Judgement may only be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3rd Cir.1987)(en banc). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the "evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). Once the moving party has met its initial obligation, the opposing party must produce evidentiary proof in admissible form sufficient to raise a material question of fact to defeat a motion for summary judgment, or in the alternative, demonstrate an acceptable excuse for its failure to meet this requirement. *Duplantis v. Shell Offshore, Inc.,* 948 F.2d 187 (5th Cir.1991); Fed.R.Civ.P. 56(f). Once the moving party has met its burden, mere conclusions or unsubstantiated allegations or assertions on the part of the opposing party are insufficient to defeat a motion for summary judgment. *Knight v. United States Fire Ins. Co.,* 804 F.2d 9 (2d Cir.1986). The Court must examine the facts in the light most favorable to the party opposing summary judgment, according the non-moving party every inference which may be drawn from the facts presented. *International Raw Materials, Ltd. v. Stauffer Chemical Co.,* 898 F.2d 946 (3d Cir.1990). However, the party opposing summary judgment "may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Hayes v. New York City, Department of Corrections,* 84 F.3d 614, 619 (2d Cir.1996).

## DISCUSSION

In *Stratton v. The Department For The Aging For The City of New York,* 132 F.3d 869, 879 (2nd Cir.1997), the Second Circuit discussed the standard for employment discrimination claims:

In recent years, the three-step *McDonnell Douglas* formulation has been clarified. *St. Mary's Honor Center,* 509 U.S. at 510–11, 113 S.Ct. at 2748–50; *Fisher v. Vassar College,* 114 F.3d 1332, 1336 (2d Cir.1997) (en banc ), *cert. denied,* —— U.S. ——, 118 S.Ct. 851, 139 L.Ed.2d 752 (1998). First, the plaintiff must establish a prima facie case of unlawful discrimination by showing that 1) she is a member of a protected class 2) who performed her job satisfactorily (or who was qualified for a new position) 3) who was discharged (or not offered the new position) 4) under circumstances giving rise to an inference of discrimination (or retaliation). *McDonnell Douglas,* 411 U.S. at 802, 93 S.Ct. at 1824; *Shumway v. United Parcel Serv., Inc.,* 118 F.3d 60, 63 (2d Cir.1997); *Gallo v. Prudential Residential Servs., L.P.,* 22 F.3d 1219, 1224 (2d Cir.1994).

Defendant conceded at oral argument, and the Court independently finds, that plaintiff has presented a prima facie case of retaliation. Once the plaintiff has met her burden of making out a prima facie case, the burden of production shifts to the defendant to articulate a legitimate, clear, specific and non-discriminatory reason for the adverse employment action taken. If the defendant meets that burden of production, the plaintiff retains the ultimate burden of proof to show that the proffered reason is merely a pretext for racial discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

Defendant responds with the argument that plaintiff's termination was due to her action of giving raises without authority. Defendant's Reply Memorandum of Law, at 5. Notwithstanding this "official reason" for plaintiff's termination, the evidence presented by plaintiff raises a question of fact regarding whether the proffered reason for her termination was merely a pretext for retaliation. Specifically, the Court refers to the allegations that members of the board of directors repeatedly told plaintiff that she would be ineffective in the position of executive director simply because she was white and that she should not have been hired because of her race. Though the board members' affidavits state the reason for plaintiff's termination was the granting of raises, the letter given to plaintiff the night of her termination implies that her firing was due to her refusal to heed the board president's request to return to the meeting and discuss the raises. Defendant's Notice of Motion, Exhibit G. The plaintiff further states in her affidavit that she had obtained permission for the raises from the very same board president prior to announcing them to the staff. Picotte Affidavit, ¶ 37. Additionally, the board president represented to the New York State Department of Labor that the reason for plaintiff's termination was insubordination, not for granting a pay increase. Picotte Affidavit, Exhibit A. Nothing in the by-laws description of the executive director's duties plainly circumscribes the director's ability to determine staff pay. Defendant's Motion, Exhibit H, Article V. Finally, plaintiff was, in fact, replaced as executive director, by an African–American. Plaintiff's Statement of Material Facts, ¶ 17.

Contrary to defendant's argument that plaintiff cannot bring any evidence that her termination was motivated by her hostile environment suit, she has raised evidence sufficient to show that the proffered reason for her termination was merely a pretext for discrimination. The racial animus of the two board members identified in plaintiff's affidavit, plaintiff's abrupt termination for two stated and contradictory reasons and plaintiff's replacement by an African–American all overcome the legitimate, clear, specific and non-discriminatory reason for the adverse employment action taken. The Court finds the plaintiff has presented proof sufficient to raise a question of fact for the jury on the issue of whether the reason for plaintiff's termination was merely a pretext to fire her in retaliation for her having brought a civil rights suit against the defendant Center.

### CONCLUSION

The defendant's motion [document # 36–1] for summary judgment is denied in its entirety. The case appears to be ready for trial and the Court will issue a separate pretrial order.

IT IS SO ORDERED.